CENTRAL REALTY COMPANY, APPELLEE, *v.*
CLUTTER, APPELLANT.

[Cite as Central Realty Co. v. Clutter (1980),
62 Ohio St. 2d 411.]

(No. 79-1514—Decided June 25, 1980.)

412

*Messrs. Zelkowitz, Barry & Cullers* and *Mr. Robert L. Rauzi,* for appellee.

*Mr. Robert M. Draper* and *Mr. Mark Sladoje, Jr.,* for appellant.

*Per Curiam.* The question posed before this court is whether appellant is bound by the terms of the extension clause to pay appellee a six-percent commission. This clause states: "or is sold within three months after the period of this listing to anyone with whom you [broker] have negotiated with respect to a sale during the period of this listing and of whom I have notice, I agree to pay you a commission of 6%***."

In reviewing this clause, the trial judge found that appellee's evidence established that appellee had "negotiated" with V. E. Merillat, and that the farm was sold within three months after the expiration of the August 4th listing. On the issue of whether the clause was supposed to have effect if a sale was made by another broker or only by appellant, the judge found the clause to be ambiguous. We agree with the trial judge when he stated: "***There is a doubt which the broker could have prevented by more explicit phraseology.

The extension clause simply states 'or is sold' but it does not say by whom. More explicit wording would have stated 'or is sold by me alone or through another broker.' The ambiguity and doubt is to be resolved against the plaintiff."[3]

If the appellee wished to protect itself from the possibility of a sale by another broker, it could have explicitly provided for such an event. Without specific reference to such a possibility, the clause is ambiguous. The age-old maxim of *ambiguitas contra stipulatorem est* (an ambiguity is resolved against the stipulator) applies to the instant cause. See *Franck* v. *Railway Exp. Agency* (1953), 159 Ohio St. 343, 345-346, and *O'Neill* v. *German* (1951), 154 Ohio St. 565, 571.

For the foregoing reason, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY and LOCHER, JJ., concur.

HERBERT, P. BROWN and HOLMES, JJ., dissent.

HERBERT, J., dissenting. Since I do not find this contract to be ambiguous, I must respectfully dissent.

P. BROWN, J., concurs in the foregoing dissenting opinion.

HOLMES, J., dissenting. I must respectfully dissent from the majority decision herein in that simple contract law would dictate an opposite determination by this court.

Whether or not one looks upon exclusive real estate listing contracts with favor, they are not unlawful or against public policy in this state. Here there was a lawful real estate exclusive listing contract in effect at the time of the sale of this property.

The trial court and the majority herein go off on the tangential theory that the exclusive listing contract is ambiguous in that it did not spell out with specificity that the exclusiveness of the contract would be lost in the event of a sale through another broker.

To limit this exclusive provision to only the instance of a

---

[3] Wording such as "sold by you, or by any other agent or person, including myself" would clarify the matter.

sale by the owner during the contract period is an unreasonable distortion of the ordinary meaning of these types of contracts.

However inequitable it may finally appear where the owner is required to pay two commissions, the terms of the agreement are clear and were bargained for by the parties.

P. Brown, J., concurs in the foregoing dissenting opinion.