CHECKMATE BOATS, INC., Appellant,

v.

LINDER, Appellee.

[Cite as *Checkmate Boats, Inc. v. Linder* (1989), 63 Ohio App.3d 134.]

Court of Appeals of Ohio,
Crawford County.

No. 3–87–23.

Decided May 9, 1989.

*Kennedy, Purdy, Hoeffel & Gernert* and *Paul E. Hoeffel,* for appellant.
*Terry Pugh,* for appellee.

EVANS, Presiding Judge.

This is an appeal from a decision by the Court of Common Pleas of Crawford County which denied the appellant's application for the appointment of an arbitrator pursuant to R.C. 2711.04.

The appellant, Checkmate Boats, Inc., and the appellee, George John Linder, Jr., entered into a contract on October 5, 1984. According to a sworn affidavit filed with the court by appellee's attorney on February 25, 1987, the contract was drafted by appellant. The contract states in pertinent part:

"IT IS FURTHER AGREED that any disputes hereunder shall be submitted to the American Board of Arbitrators and their determination shall be binding upon the parties * * *."

The difficulty with the foregoing paragraph is that there is no American Board of Arbitrators. There is, however, an organization named American Arbitration Association.

A dispute arose between the parties and on November 21, 1986 appellee filed a demand for arbitration with the American Arbitration Association. On January 12, 1987, appellant filed an application with the court of common pleas requesting that the court appoint an arbitrator pursuant to R.C. 2711.04. The cause came on for hearing on April 23, 1987. The court denied appellant's application on June 29, 1987 after finding no necessity for the appointment of an arbitrator. It is this decision appellant appeals to this court.

Appellant has asserted one assignment of error:

"The trial court erred as a matter of law in denying plaintiff-appellant's application for the appointment of an arbitrator pursuant to R.C. 2711.04."

Appellant contends that since the contract between the parties provided that any dispute shall be submitted to the American Board of Arbitrators and since there is no organization by that name, there has been a lapse in the naming of an arbitrator as provided in R.C. 2711.04 and under the provisions of that statute the court of common pleas has a duty to appoint.

Appellee, on the other hand, argues that R.C. 2711.04 does not apply because the incorrect name used to designate the arbitrator represents a mutual mistake in typing the agreement but in fact both parties understood what the agreement intended. Furthermore, appellee contends that since the contract was drafted by appellant it should be construed most strongly against appellant and in favor of appellee.

R.C. 2711.04 states:

"If, in the arbitration agreement, provision is made for a method of naming or appointing an arbitrator or an umpire, such method shall be followed. If no method is provided therein, or if a method is provided and any party thereto fails to avail himself of such method, or if for any other reason there is a lapse in the naming of an arbitrator or an umpire, or in filling a vacancy, then upon the application of either party to the controversy the court of common pleas in the county in which the arbitration is to be held shall, within fifteen days after such application is made, appoint an arbitrator or umpire, who shall act under said agreement with the same effect as if he had been specifically named therein. Unless otherwise provided in the agreement, the arbitration shall be by a single arbitrator."

Having reviewed the contract, we conclude the trial court correctly determined there was no necessity to appoint an arbitrator pursuant to R.C. 2711.04.

We recognize that the name "American Board of Arbitrators" is slightly different from the "American Arbitration Association," but, clearly, they are similar. As stated in 18 Ohio Jurisprudence 3d (1980) 44, Contracts, Section 158:

"All contracts should receive a reasonable construction in order to carry out the presumed intention of the parties as expressed by the language used. * * * *"

The language of this contract certainly indicates that the parties intended to have their disputes arbitrated by an arbitration association, and not in accordance with the Ohio Revised Code. If the parties had intended the latter, the contract could have so stated.

We are convinced that the application of the provisions of R.C. 2711.04 to this contract will do more violence to the document than will construing the

paragraph in question to mean American Arbitration Association. There is nothing in the contract which indicates that arbitration is to take place in any specified county in Ohio. Yet, appellant urges us to follow the provisions of R.C. 2711.04 in supplying an arbitrator to replace the arbitration organization which does not exist. Appellant, however, ignores the following language in the statute: "[U]pon the application of either party to the controversy the court of common pleas in the county in which the arbitration is to be held shall * * * appoint an arbitrator * * *." Thus, if we embrace the position of appellant, we will in effect be amending the contract between the parties to require arbitration under Ohio law, and also we will be inserting a provision that arbitration shall take place in Crawford County.

Furthermore, since the contract was drafted by the appellant, any ambiguity must be resolved in favor of the appellee. As stated in *Central Realty Co. v. Clutter* (1980), 62 Ohio St.2d 411, 413, 16 O.O.3d 441, 442, 406 N.E.2d 515, 517, "an ambiguity is resolved against the stipulator." Therefore, we conclude that the trial court's decision to interpret the contract by ruling that the parties intended to submit their disputes to the American Arbitration Association, instead of relying on the Ohio Revised Code, was correct. The assignment of error is overruled.

*Judgment affirmed.*

MILLER and COLE, JJ., concur.

RALPH D. COLE, JR., J., retired, of the Third Appellate District, sitting by assignment.