[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ACCELERATED
 OPINION
Appellants, Mary C. Goodluck and Deborah Kascsak, appeal the decision of the Chardon Municipal Court dismissing their complaint for relief and entering judgment in favor of appellee, Chagrin Valley Athletic Club. For the reasons which follow, we affirm the judgment of the trial court.
On October 8, 1997, appellants filed a small claims complaint in the Chardon Municipal Court seeking a judgment in their favor in the amount of $1,043.75 plus interest. Appellants rented appellee's facilities for the purposes of a wedding reception, and they sought a refund for the per capita price for those guests who did not attend the wedding.
The subject dispute arose out of a written agreement between the parties signed on July 6, 1996. The relevant portions of the agreement read:
 "This contract is to inform you of any charges to be paid prior to the function. The formula for reimbursing the Club for your event is as follows:
 "A. Thirty days prior to the scheduled date, fifty percent of the estimated cost of all food, beverage, services and rental.
 "B. Ten days prior to the scheduled date, fifty percent of the estimated cost of all guarantees on food and beverage, service and rental.
 "The event must have a minimum of 150 people or if it does not, you will be billed for 150 people.
 "Final count/guarantee must be called in seventy[-] two (72) hours before the function. (Example: the Tuesday before a Saturday function). Any over estimate will be refunded by a company check." (Emphasis added.)
The matter proceeded to a hearing before a magistrate. The magistrate issued his findings and recommendations on November 17, 1997. The decision indicated that the parties testified under oath. The magistrate stated that it was undisputed that the parties entered into the above-mentioned written agreement and that three days before the event, appellant Mary Goodluck gave a final headcount of one hundred eighty people.[1] However, only one hundred fifty-five persons actually attended the wedding. This left twenty-five "no-shows," based on the "final count/guarantee."
Appellants advanced the theory that appellee was obligated to refund them the total cost incurred for the no-shows, $1,043.75, pursuant to the clause which indicated that "[a]ny over estimate will be refunded by a company check."
The magistrate found, however, that the parties ignored clauses A and B which would have otherwise required appellants to give certain deposits for the estimated costs in advance.[2] The magistrate found that the over-estimate clause did not apply. Presumably, this was because there was no evidence of any deposits made which were based on estimated costs. Thus, appellants were obligated to pay for the number of guests confirmed by appellants pursuant to the final count/guarantee. Although the magistrate indicated that appellee should "clarify its writings," he agreed with appellee's interpretation of the contract, stating "the parties['] agreement clearly could not reasonably be construed to entitle plaintiff[s] to a refund."
Appellants thereafter filed written objections to the magistrate's decision, but failed to provide the trial court with a transcript of the evidence submitted to the magistrate or an affidavit of the same. On December 5, 1997, the trial court adopted the findings and recommendations of the magistrate as an order of the court, thereby entering judgment in favor of appellee and dismissing appellants' complaint.
Appellants perfected a timely appeal, asserting two assignments of error:
 "[1.] THE LOWER COURT ERRED IN GRANTING JUDGMENT IN FAVOR OF APPELLE [sic], SINCE THE CONTRACT AT ISSUE IN THIS CASE WAS PREPARED BY THE APPELLEE HEREIN, AND THE KEY LANGUAGE IS AMBIGUOUS, AND OHIO LAW PROVIDES THAT ANY AMBIGUITY IN THE LANGUAGE OF A CONTRACT MUST BE STRICTLY CONSTRUED AGAINST THE MAKER OF THE CONTRACT. HENCE, THE APPELLANTS WERE ENTITLED TO JUDGEMENT.
 "[2.] THE LOWER COURT ERRED IN SIMPLY `RUBBER-STAMPING' THE MAGISTRATE'S FINDINGS AND RECOMMENDATIONS, WITHOUT MAKING AN INDEPENDENT ANALYSIS OF THE APPLICABLE FACTS AND LAW."
In their first assignment of error, appellants argue that the magistrate's findings clearly indicate that he found the subject contract to contain ambiguous terms. Thus, according to appellants, the magistrate was obligated to apply the rule of contract construction which requires courts to resolve any doubt or ambiguity in a contract strictly against the maker of the contract. See Central Realty Co. v. Clutter (1980), 62 Ohio St.2d 411;McKay Machine Co. v. Rodman (1967), 11 Ohio St.2d 77, 80. Hence, as appellants assert that appellee drafted the subject contract, the magistrate was obligated to accept appellants' interpretation of the contract.[3]
Appellants further assert that the magistrate appeared to base his decision purely on the magistrate's own personal opinion as to the standard practice in renting wedding halls when no expert testimony was introduced at the hearing on this issue.
These arguments are not well-taken. Initially, we note that appellants were obligated under Civ.R. 53(E)(3)(b) to support their objections to the factual findings of the magistrate with "a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." Civ.R. 53(E)(3)(b). However, they did not.
Having failed to fulfill the requirements of Civ.R. 53(E)(3)(b), appellants may not challenge the factual findings of the magistrate or the trial court's adoption of those findings on appeal. Willowick v. Gibaldi (Feb. 21, 1997), Lake App. No. 96-L-079, unreported, 1997 Ohio App. LEXIS 619; Willowood Apts. v.Page (Sept. 6, 1996), Lake App. No. 96-L-003, unreported, at 7-9, 1996 Ohio App. LEXIS 3877. Presumptively, the evidence supported the factual findings of the magistrate.
We also find no merit in appellants' central legal contention that the magistrate was obligated to apply the rule of contract construction which requires courts to resolve any doubt or ambiguity in a contract strictly against the maker of the contract.
This rule of contract construction is a rule of last resort. It should be applied only when other primary rules of contract construction fail to reveal the intentions of the parties. Generally, primary rules of contract construction require courts to look to the express terms of the contract to decipher the intent of the parties. When the express terms are ambiguous or do not resolve the matter, the parties should be given an opportunity to submit evidence as to their understanding of the contested terms or issues. It is only when that evidence again fails to resolve the matter that courts should apply the rule that ambiguous contract terms should be construed against the party who drafted them.
Here, it would appear from the face of the magistrate's decision that the magistrate permitted the parties to give testimony as to their understanding of the agreement, particularly as to their understanding of the over-estimate clause. Although no party has alleged that the magistrate erred by receiving this testimony, we believe that the express terms of the contract resolved the matter in appellee's favor. Consequently, there was no need to receive the testimony related to the interruption of the contract, and there was no need for the magistrate to resort to the rule of contract construction proposed by appellants.
Specifically, the magistrate found that the parties ignored clauses A and B of the contract. This finding is supported in the briefs and by the absence in the record of any suggestion that a preliminary deposit was made which was based on any "estimated cost." Instead both appellants and appellee agree that the entire
cost was prepaid at some point.
The magistrate's conclusion is further buttressed by the fact that clauses A and B, which reference the thirty-day and ten-day notice, both utilize the terms "estimated cost," while the seventy-two hour notice clause uses the phrase "final count/guarantee." An application of the plain meaning of the words leads us to the conclusion that "estimated cost" and "final count/guarantee" are not synonymous terms.
Finally, we note that, without the deposit contemplated under clauses A and B, there could not logically be any refund of any "estimated cost" deposit. The alleged payment made by appellants was the total payment, not the estimated cost for one hundred eighty persons as confirmed in the seventy-two hour confirmation,i.e., the "final count/guarantee."[5] There is no provision for any refund of a "final count/guarantee." The use of the wordguarantee as opposed to estimate would seem to make that clear.
Thus, despite the fact that the contract was less than a model of clarity, we agree with the magistrate and the court that a reasonable construction would be that only an overpayment of the deposit of an "estimated cost" would be refunded, while a payment of the "final count/guarantee" would not be refunded.
As a result, the "over estimate" clause did not apply, and appellants were obligated to pay for the number of guests confirmed seventy-two hours before the wedding, i.e., one hundred eighty people. Thus, even if there had been no evidence taken, the end result should have been the same. Appellants' first assignment of error is without merit.
In their second assignment of error, appellants contend that the trial court erred by merely "rubber-stamping" the magistrate's decision when it was required to conduct an independent analysis of the applicable law and facts of the case. While it is true that the trial court was required to conduct a de novo review of appellants' objections,[6] appellants failed to support their factual assertions with a transcript of the evidence submitted to the magistrate or an affidavit of the same. In that situation, the trial court was free to adopt the factual findings of the magistrate without further consideration. Gibaldi; Chew v. Gribble
(Feb. 25, 1998), Summit App. No. 18456, unreported, at 3-4, 1998 Ohio App. LEXIS 673; Rush v. Schlagetter (Apr. 15, 1997), Ross App. No. 96CA2215, unreported, at 12-13, 1997 Ohio App. LEXIS 1560.
As to the legal conclusions of the magistrate, the trial court did not err in adopting those conclusions for the reasons explained in the first assignment. Appellants' second assignment of error is not well-taken.
In light of the foregoing analysis, appellants' two assignments of error are without merit. The judgment of the trial court is affirmed. ___________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J.,
NADER, J., concur.
[1] However, the parties indicated in their briefs that appellants also paid in advance the entire amount for the one hundred eighty people.
[2] Thus, there was apparently no evidence that any "estimated cost[s]" were ever submitted per clauses A and B.
[3] Although the magistrate made no express finding that appellee drafted the contract, we will presume the same as the contract was printed on appellee's letterhead.
[5] Here we note that the magistrate found that the number confirmed in the seventy-two hour confirmation was one hundred eighty.
[6] In the Matter of Gibbs (Mar. 13, 1998), Lake App. No. 97-L-067, unreported, at 11-12, 1998 Ohio App. LEXIS 997; Schwartz v. Osiatynski (Dec. 18, 1997), Cuyahoga App. No. 71968, unreported, at 2-4, 1997 Ohio App. LEXIS 5701.