DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Bryan Municipal Court which granted judgment in favor of appellee, T T Communications, Inc., for breach of an independent contractor agreement.
The facts of this case are as follows. On or about December 11, 1995, appellant, a provider of contract services to cable companies, and appellee entered into an agreement whereby appellant, as an independent contractor with no employees, would perform television and cable installation and repair services for appellee's customers. The written agreement provides, in relevant part:
"3. Independent Contractor.
 "3.01. Contractor is declared to be an independent contractor and has no authority to act for or on behalf of Company or to bind Company to any contract on any matter without the express approval in writing of Company.
"* * *
"4. Obligations of Contractor.
"* * *
 "4.02. Contractor agrees to supply workers' compensation insurance for Contractor's employees and agents and agrees to hold harmless and indemnify Company for any and all claims arising out of any injury, disability, or death of Contractor's employees or agents."
On August 4, 1997, in Hudson, Michigan, appellant was performing certain installation services when the pole he was on snapped and he fell to the ground, injuring his right knee. A workers' compensation claim was filed by appellant's attorney listing appellee as his employer. The claim was initially granted, but appellee filed an appeal with the Bureau of Workers' Compensation and prevailed.
Appellee then filed the instant action against appellee for attorney fees incurred in the administrative appeal process based upon breach of the agreement between the parties. On April 14, 1999, the matter proceeded to trial, and on May 24, 1999, the trial court granted judgment in favor of appellee. Appellant then timely appealed to this court and asserts the following assignments of error:
 "I. THE TRIAL COURT ERRED IN AWARDING ATTORNEY FEES TO AN EMPLOYER FOR THE DEFENSE OF A WORKERS [SIC] COMPENSATION ACTION, PURSUANT TO AN AGREEMENT WHICH BY ITS TERMS CONTAINS NO EXPRESS REQUIREMENT FOR INDEMNIFICATION OF ATTORNEY FEES.
 "II. THE TRIAL COURT ERRED IN AWARDING TO AN EMPLOYER ATTORNEY FEES INCURRED IN THE COURSE OF DEFENDING A WORKERS [SIC] COMPENSATION ACTION AS IT IS AGAINST PUBLIC POLICY.
 "III. THE TRIAL COURT ERRED IN AWARDING TO AN EMPLOYER ATTORNEY FEES INCURRED IN THE DEFENSE OF A WORKERS [SIC] COMPENSATION ACTION SINCE THE COURT DID NOT HAVE JURISDICTION TO AWARD SUCH FEES."
In his first assignment of error, appellant argues that the trial court erred by awarding attorney fees because the agreement between the parties contains no express requirement for indemnification of attorney fees. Appellee generally responds to all three assignments of error stating that appellant is liable for attorney fees because they were incurred as a direct and proximate result of the breach of the agreement. While the court agrees with appellant's general proposition that the trial court erred in awarding appellee damages in the form of attorney fees, we find its arguments unpersuasive.
Pursuant to App.R. 12(A), an appellate court may consider errors not assigned by the parties. C. Miller Chevroletv. Willoughby Hills (1974), 38 Ohio St.2d 298. The Miller court cautioned that an appellate court contemplating a decision upon an issue not briefed should "* * * give the parties notice of its intention and an opportunity to brief the issue." Id. at 301, fn. 3. However, we find that the basis of our disposition is clear and, therefore, additional briefs are not necessary. See Statev. Bailey (Dec. 22, 1989), Wood App. No. WD-89-28, unreported, citing Toledo's Great Eastern Shoppers City, Inc. v. Abde's BlackAngus Steak House No. III, Inc. (1986), 24 Ohio St.3d 198.
In the case sub judice, the court has decided, suasponte, to address whether appellee, in fact, breached the agreement provision requiring him to supply workers' compensation insurance for his employees or agents. In appellant's motion for relief from judgment, filed in the proceedings below, appellant argues that the agreement provision does not specifically require that appellant be required to supply workers' compensation for himself. We agree.
In addressing this issue, we turn to the elementary rules of contract construction which provide that where contract language is ambiguous a court may construe the language of the contract for "`[t]he construction of written contracts and instruments of conveyance is a matter of law.'" Latina v.Woodpath Development Co. (1991), 57 Ohio St.3d 212, 214, quotingAlexander v. Buckeye Pipe Line, Co. (1978), 53 Ohio St.2d 241, paragraph one of the syllabus. In construing the language of a contract, any ambiguities must be resolved against the drafter.Central Realty Co. v. Clutter (1980), 62 Ohio St.2d 411, 413.
In the instant case, because we find that an ambiguity exists as to whether appellant was required to cover himself under workers' compensation, and the agreement was drafted by appellee, we find that appellant was not required to provide himself with workers' compensation coverage. Thus, the trial court erred when it awarded appellee attorney fees stemming from the workers' compensation action. Accordingly, based upon our sua sponte
disposition of the matter, we find appellant's stated assignments of error, as they pertain to the trial court's award of attorney fees, well-taken.
On consideration whereof, we find that substantial justice has not been done the party complaining, and the judgment of the Bryan Municipal Court it reversed. Costs of this appeal are assessed to appellee.
James R. Sherck, J., Mark L. Pietrykowski, J., CONCURS.
Richard W. Knepper, P.J., CONCURS IN JUDGMENT ONLY.