DECISION AND JUDGMENT ENTRY
{¶ 1} Norma D. Cowan and Paul Richard Cowan, individually and as trustees of The Cowan Family Living Trust, appeal the Adams County Court of Common Pleas' ruling granting Ralph H. Henderson's motion for summary judgment. The Cowans contend that the trial court erred in interpreting the contract between the parties to set September 12, 2002 as the deadline for them to file suit against Henderson. Because the plain language of the contract states that it "tolled" the time limits for filing suit, and because the only time limit that existed in this case was the statute of limitations, we find that the contract unambiguously stopped the running of the statute of limitations for a period of time, and therefore that the Cowans filed their suit within the time frame contemplated by the contract. The Cowans further contend that genuine issues of material fact exist, and therefore the trial court erred in entering summary judgment in favor of Henderson. Because the trial court based its summary judgment ruling upon its finding that the Cowans did not timely file their claim, and because Henderson does not otherwise argue that he is entitled to summary judgment, we agree. Accordingly, we sustain the Cowans' assignments of error, reverse the judgment of the trial court, and remand this case for further proceedings consistent with this opinion.
 I. {¶ 2} In 1992, the Cowans became the owners of 502 acres of farmland in Adams County. The Cowans retained Henderson to draft deeds containing protective covenants that would allow for conveyance of the land while restricting the land's use and the subdivision of tracts. The Cowans divided the land into four lots, and Henderson prepared the deeds for each. However, Henderson allegedly forgot to include the protective covenants in one of the four deeds.
 {¶ 3} During the summer of 1998, the Cowans learned that a subsequent purchaser of one of the lots intended to develop it into residential subdivisions. By late October to early November of 1998, the Cowans learned that the protective covenants were not included in the deed to this lot. In an effort minimize the consequences of Henderson's oversight, the Cowans filed suit against the developers, the Adamses, in Adams County. The suit was captioned Cowan v. Adams.
 {¶ 4} In July of 1999, The Cowans and Henderson entered into a "Tolling Agreement." The Agreement provides, in relevant part: "Because the parties to the Agreement agree not to commence legal or equitable proceedings against one another in connection with Ralph A. Henderson's representation of the Cowans in transactions involving the Cowans' real property in Adams County, all time limits for commencing such proceedings shall be tolled unless and until the Agreement is terminated. The Agreement shall terminate thirty days after the final disposition, including any appeals, of the suit captioned Cowan v. Adams currently pending in the Adams County Court of Common Pleas."
 {¶ 5} The parties agree that the final disposition in Cowan v.Adams occurred on August 13, 2002. The Cowans filed suit against Henderson in the trial court on October 11, 2002. Henderson filed a motion for summary judgment, asserting that the Cowans' claim is time-barred because they filed more than thirty days after the final disposition in Cowan v. Adams. The Cowans' argued that their agreement with Henderson suspended the running of the statute of limitations until thirty days following the final disposition in Cowan v. Adams, and therefore that they timely filed their claim. The trial court agreed with Henderson, finding "that the 30 days in which to file an action by the plaintiffs against the defendant has expired, and their rights to commence this action for malpractice terminated."
 {¶ 6} The Cowans appeal, asserting the following assignments of error: "I. The lower court erred in the interpretation of the words and phrases of the Tolling Agreement. II. There being numerous genuine issues of material fact which were spoken to in Plaintiffs' Affidavits filed in response to Defendant's motion for summary judgment, the lower court erred by entering summary judgment for Defendant."
 II. {¶ 7} In their first assignment of error, the Cowans assert that the trial court erred in interpreting the Tolling Agreement, and that the Tolling Agreement unambiguously tolled the running of the statute of limitations on their claim against Henderson. Henderson contends that the trial court correctly interpreted the Tolling Agreement, and that the Tolling Agreement unambiguously extended the time limit for the Cowans to file their action to thirty days following the final disposition in Cowanv. Adams.
 {¶ 8} A court must interpret a contract so as to carry out the intent of the parties. Foster Wheeler Enviresponse, Inc. v. Franklin Co.Convention Facilities Auth. (1997), 78 Ohio St.3d 353; Skivolocki v. EastOhio Gas Co. (1974), 38 Ohio St.2d 244, paragraph one of the syllabus. "The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement." Shifrin v. Forest CityEnts. Inc. (1992), 64 Ohio St.3d 635; Kelly v. Med. Life Ins. Co.
(1987), 31 Ohio St.3d 130, paragraph one of the syllabus.
 {¶ 9} If the contract's terms are unambiguous, a court may not interpret the contract in a manner inconsistent with those terms.Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241. Contractual terms are ambiguous if the meaning of the terms cannot be deciphered from reading the entire contract or if the terms are reasonably susceptible to more than one interpretation. U.S. Fid. Guar. v. Aultman St.Elizabeth Med. Ctr. (1999), 129 Ohio App.3d 45, 55. If a contract is clear and unambiguous, then its interpretation is a matter of law that we review de novo. Nationwide Mut. Fire. Ins. Co. v. Guman Bros. Farm
(1995), 73 Ohio St.3d 107, 108.
 {¶ 10} In this case, the Agreement specifically provides that it "shall be deemed to have been drafted by all parties, and shall not be construed against any party on the theory that fewer than all parties drafted the Agreement." We must give effect to the unambiguous terms of a contract. Alexander at 246. Thus, the maxim that a contract shall be construed against its drafter (see, generally, Central Realty Co. v.Clutter (1980), 62 Ohio St.2d 411) does not apply in this case.
 {¶ 11} The Cowans devote much of their argument to the definition of the word "toll" and whether "toll" should be given its ordinary meaning or its legal definition in the context of the Agreement. However, in his brief Henderson concedes that in the context of the Agreement the word "toll" means "to suspend or stop temporarily."
 {¶ 12} Henderson contends, although he agrees with the Cowans' definition of "toll," that "[t]he time period `tolled' however, was the thirty days following the final disposition in Cowan v. Adams
litigation." Henderson also argues that if the parties had intended to incorporate any days remaining under the malpractice statute of limitations, in addition to the thirty days, they would have specifically included such language in the Agreement.
 {¶ 13} The Cowans contend that "tolled," in modifying the phrase "all time limits for commencing such proceedings," refers to tolling the statute of limitations. In support, the Cowans cite Zink v. Zavakos
(Jan.23, 1987), Montgomery App. No. 9947, where the court held that a similar phrase, "within the period provided by law," referred to the statute of limitations. Zink citing Hardesty v. Cabotage (1982),1 Ohio St.3d 114. Henderson argues that Zink is inapposite, because Zink
involved the interpretation of a Civil Rule rather than the interpretation of a contract.
 {¶ 14} When we attempt to follow Henderson's proposed interpretation of the words in the Agreement, such that the parties' agreed definition of "tolled" modifies the time period thirty days following the final disposition in Cowan v. Adams, the result is nonsensical: "The time period thirty days following the final disposition in Cowan v. Adams shall be suspended or stopped temporarily until thirty days after the final disposition in Cowan v. Adams." In contrast, when we follow the Cowans proposed interpretation of the words in the Agreement, the resulting contract would read: "The statute of limitations shall be suspended or stopped temporarily until thirty days after the final disposition in Cowan v. Adams."
 {¶ 15} Thus, in response to Henderson's argument that the parties could have specifically included language in the Agreement to incorporate any days remaining under the statute of limitations if they had intended to extend the time limit beyond thirty days, we note that the parties did include language to do so. In particular, the parties included the words "tolled unless and until." It is axiomatic that we must give effect, when possible, to all words in a contract. Henderson's contention that the parties intended to give the Cowans only thirty days after the final disposition of Cowan v. Adams to file suit is not reasonable unless we ignore certain words in the Agreement. Without the words "tolled unless and until," the Agreement would read: "all time limits for commencing such proceedings shall be * * * thirty days after the final disposition." Thus, if the Agreement did not include the words "tolled unless and until," Henderson's proposed interpretation would be reasonable. Likewise, if we replace the word "tolled" with a word that means "to stop permanently," Henderson's proposed interpretation would be reasonable, e.g.: "all time limits for commencing such proceedings shall expire * * * thirty days after the final disposition." However, we cannot ignore words the parties chose to employ in their contract.
 {¶ 16} Moreover, a reading of the entire Agreement supports the Cowans' contention that the "time limits for commencing such proceedings" mentioned in the Agreement refers to the statute of limitations. In particular, paragraph two of the Agreement states that "[t]he Agreement shall not revive any claim that is already time-barred as of July 19, 1999." This paragraph seems to indicate that the parties' Agreement refers to time limits imposed by statute, rather than by agreement of the parties.
 {¶ 17} Henderson also argues that the Cowans' interpretation of the Tolling Agreement is disingenuous in light of correspondence between the parties' attorneys. Specifically, Henderson quotes a letter from the Cowans' attorney to his insurer's attorney. However, any correspondence between the parties or their counsel constitutes extrinsic evidence. The court may not look to extrinsic evidence to determine the parties' intent unless the court finds ambiguity in a contract. U.S. Fid. Guar.,129 Ohio App.3d at 55. In this case, because the meaning of the terms of the Agreement can be deciphered from reading the entire contract and the terms are not reasonably susceptible to more than one interpretation, we cannot look to extrinsic evidence to determine the parties' intent.
 {¶ 18} In sum, we find that the Agreement unambiguously temporarily suspended the running of the statute of limitations, and therefore that the trial court erred in its interpretation of the Agreement. Accordingly, we sustain the Cowans' first assignment of error.
 III. {¶ 19} In their second assignment of error, the Cowans contend that the trial court erred in granting summary judgment in favor of Henderson, because numerous genuine issues of material fact exist with regard to their malpractice claim. In support of their assignment of error, the Cowans address both the trial court's interpretation of the Agreement and the merits of their malpractice claim. Henderson confines his analysis in favor of the trial court's ruling to the interpretation of the Agreement, and the trial court based its ruling entirely upon its interpretation of the Agreement.
 {¶ 20} In light of our determination that the Agreement suspended the statute of limitations, we find that the trial court erred in granting summary judgment in favor of Henderson on the grounds that the Cowans did not timely file their claim. Henderson has not alleged that he is entitled to summary judgment on other grounds. Accordingly, without examining the merits of the Cowans' claims, we sustain their second assignment of error, reverse the judgment of the trial court, and remand this case for further proceedings consistent with this opinion.
JUDGMENT REVERSED AND CAUSE REMANDED.
Evans, P.J. and Harsha, J.: Concur in Judgment and Opinion.