OPINION JUDGMENT ENTRY
{¶ 1} Plaintiff-appellant Joseph A. Troiano, Executor of the Estate of Christine Troiano, appeals the January 16, 2004 Judgment Entry of the Delaware County Court of Common Pleas, granting judgment in favor of defendant-appellee Nationwide Agribusiness Insurance Co. ("Nationwide").
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} On October 19, 2000, Christine Troiano was killed as a result of an automobile accident caused by Thomas Steitz. At the time of the accident, Troiano was commuting to her place of employment with the Westerville City School District ("WCSD"), where she was employed in the Food Services Division.
 {¶ 3} On the date of the accident, WCSD and its employees were covered under a Business Automobile Policy with Nationwide. The policy contained a UM/UIM endorsement defining an "insured" as an employee "while in the course and scope of their employment by the `Named Insured' or while performing duties related to the `Named Insured's' business." (Emphasis added).
 {¶ 4} On October 3, 2001, Joseph A. Troiano, as the Executor of the estate of Christine Troiano, filed a wrongful death claim against Thomas Steitz and his father, based on negligence, with a declaratory judgment action against various insurers, including Nationwide.
 {¶ 5} The Steitz's settled with appellant for their policy limits in the amount of $100,000. All other named insurance companies, other than Nationwide, were ultimately dismissed.
 {¶ 6} Nationwide and Troiano each filed motions for summary judgment. On August 6, 2002, via Judgment Entry, the trial court sustained Troiano's motion for summary judgment, and denied Nationwide's motion for summary judgment. The trial court found Christine Troiano an insured under the Nationwide policy at the time of her death; therefore, entitled to UM/UIM benefits by operation of law.
 {¶ 7} On October 8, 2002, Nationwide filed a motion to reconsider the trial court's August 6, 2002 Judgment Entry. On January 16, 2003, the trial court denied the motion.
 {¶ 8} Nationwide then appealed to this Court on February 10, 2003, and this Court dismissed the appeal and remanded for lack of a final appealable order.
 {¶ 9} On April 10, 2003, Nationwide filed another motion for reconsideration, which the trial court denied the motion on June 11, 2003.
 {¶ 10} On August 1, 2003, the parties entered into an agreement for stipulated damages. At the same time, the parties agreed to submit the issue of whether Christine Troiano was an insured under the express UM/UIM endorsement to the policy to the trial court for findings of fact and conclusions of law.
 {¶ 11} On November 5, 2003, the Ohio Supreme Court issued its decision in Westfield Ins. Co. v. Galatis (2003),100 Ohio St.3d 216, overruling Scott-Pontzer v. Liberty Mutual Fire Ins.Co. (1999), 85 Ohio St.3d 660 and its progeny, which formed the basis for the trial court's August 6, 2002 Judgment Entry denying Nationwide's motion for summary judgment and granting appellant's motion for summary judgment.
 {¶ 12} On January 16, 2004, the trial court conducted the evidentiary hearing on the issue of whether Christine Troiano was an insured under the Nationwide UM/UIM endorsement. At the conclusion of the hearing, the trial court found on the record: Christine Troiano was commuting to her place of employment at the time of her accident; however, an employee's commute to work did not fall under either clause of the UM/UIM endorsement definition of "Who is an Insured." On January 16, 2004, the trial court via Judgment Entry, entered judgment in favor of Nationwide with the determination the entry was a final appealable order. Upon request of the parties, the trial court issued an Opinion with Findings of Fact and Conclusions of Law on February 10, 2004.
 {¶ 13} It is from the trial court's January 16, 2004 Judgment Entry, appellant now appeals assigning the following as error:
 {¶ 14} "I. The trial court erred as a matter of law in finding that the appellant's decedent, Christine A. Troiano, was not an insured under the express uninsured/underinsured endorsement to the appellee's business automobile policy."
 I {¶ 15} Appellant argues the trial court erred as a matter of law in finding Christine Troiano did not qualify as an insured under the "Who is an Insured" definition contained in the UM/UIM endorsement to the business auto policy.
 {¶ 16} We note appellant concedes Christine Troiano does not qualify as an insured under the liability section of the policy. However, under the UM/UIM endorsement, appellant asserts Christine Troiano is an insured as she was performing duties related to WCSD's business when she was commuting to work.
 {¶ 17} The policy's UM/UIM endorsement defines an insured as follows:
 {¶ 18} "The following, while in the course and scope of their employment by the `Named Insured' or while performing duties related to the `Named Insured's' business:
 {¶ 19} "a. A full or part-time `employee' . . .
 {¶ 20} "b. A student teacher assigned to the named insured."
 {¶ 21} Assuming arguendo the UM/UIM definition controls, we find Christine Troiano was not an insured at the time of the accident while commuting to work.
 {¶ 22} The trial court found, as a matter of fact, Christine Troiano was commuting to her site of employment at the time of the accident. Appellant acknowledges, under Ohio law, a commute to a fixed site does not fall under a "within the course and scope" definition. However, appellant asserts the "performing duties" clause is an alternative definition which defines different circumstances where an employee would be covered. Appellant maintains Christine Troiano was performing duties related to her employment when the accident occurred.
 {¶ 23} Further, appellant argues the definition of "Who Is an Insured" within the endorsement is ambiguous, and, therefore, should be strictly construed against Nationwide. Appellant argues inclusion of the duties "related to" language must be read expansively to the "course and scope" limitation because of the use of the conjunctive "or."
 {¶ 24} The Ohio Supreme Court addressed these issues inGalatis:
 {¶ 25} "* * * Insurance polices are no longer written in manuscript for each policyholder, but rather are standard forms designed to insure a variety of entities, including individuals. "There is nothing sinister about an insurer's use of a `one size fits all' policy form." Seaco Ins. Co. v. Davis-Irish, 300 * * * One who argues a contorted use of an inapposite section of a standard form "confuses superfluity with inapplicability." Id. It is unnecessary for each of the four classifications to apply to every insurance policy as long as the parties to the insurance policy agree upon whether a particular claimant is intended to be insured." Galatis at 226.
 {¶ 26} Further, Galatis stated, "It is generally the role of the finder of fact to resolve ambiguity. See, e.g., Davis v.Loopco Industries, Inc. (1993), 66 Ohio St.3d 64,609 N.E.2d 144. However, where the written contract is standardized and between parties of unequal bargaining power, an ambiguity in the writing will be interpreted strictly against the drafter and in favor of the nondrafting party. Cent. Realty Co. v. Clutter
(1980), 62 Ohio St.2d 411, 413, 16 O.O.3d 441, 406 N.E.2d 515. In the insurance context, the insurer customarily drafts the contract. Thus, an ambiguity in an insurance contract is ordinarily interpreted against the insurer and in favor of the insured. King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208,519 N.E.2d 1380, syllabus."
 {¶ 27} "There are limitations to the preceding rule. `Although, as a rule, a policy of insurance that is reasonably open to different interpretations will be construed most favorably for the insured, that rule will not be applied so asto provide an unreasonable interpretation of the words of thepolicy.' Morfoot v. Stake (1963), 174 Ohio St. 506, 23 O.O.2d 144, 190 N.E.2d 573, paragraph one of the syllabus. Likewise, where `the plaintiff is not a party to [the] contract of insurance * * *, [the plaintiff] is not in a position to urge, as one of the parties, that the contract be construed strictly against the other party.' Cook v. Kozell (1964),176 Ohio St. 332, 336, 27 O.O.2d 275, 199 N.E.2d 566. This rings especially true where expanding coverage beyond a policyholder's needs will increase the policyholder's premiums. Id." Galatis, supra at 220. (Emphasis added).
 {¶ 28} The UM/UIM endorsement cannot be reasonably interpreted to include commuting to work as a duty performed by Christine Troiano at the time of the accident. Christine Troiano was not a named insured identified in the Nationwide business auto policy. As such, she is not entitled to strictly construe the policy language in a light most favorable to her position. Rather, she is entitled to a reasonable interpretation of the policy language.
 {¶ 29} How an employee commutes to work is the employee's choice or option, not a duty imposed by the employer. WCSD did not require Troiano to drive herself to work, or even to drive to work at all. Rather, Troiano was free to travel by any means or manner she desired. The endorsement definition is reasonably interpreted to include both full time employees and student teachers, who, not being "employee," would not fall within the scope and course clause, but would still be entitled to coverage under the "duty" clause of the definition.
 {¶ 30} The UM/UIM definitional language is not ambiguous, and it is not reasonable to interpret Troiano's commute to work as a duty of her employment. See, Mlecik v. Farmers Ins. of Columbus,Inc. (Nov. 14, 2002), Cuyahoga App. No. 81110, 2002 Ohio 6222. Therefore, the trial court did not error in concluding Christine Troiano was not an insured under the Nationwide business auto policy at the time of the accident.
 {¶ 31} The January 16, 2004 entry of the Delaware County Court of Common Pleas is affirmed.
Hoffman, J., Gwin, P.J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the January 16, 2004 entry of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant.