**WINTERS, Admr., Appellee,**

v.

**HART, Appellee; Owners Insurance Company, Appellant.**

[Cite as *Winters v. Hart,* 162 Ohio App.3d 15, 2005-Ohio-3367.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–04–052.

Decided June 24, 2005.

16

K. Ronald Bailey, for appellee Bruce A. Winters.

John R. Kuhl and Rhonda G. Hall, for appellant.

Paul G. Lux and William F. Pietrykowski, for appellee Dianna D. Hart.

SINGER, Presiding Judge.

{¶ 1} This is an accelerated appeal from an award of a partial summary judgment issued by the Ottawa County Court of Common Pleas in a declaratory judgment action, ancillary to a wrongful-death suit.

{¶ 2} Andrea Hart is the daughter of the late Sidney E. Kelsey. When Kelsey died in 1988, his will provided for a testamentary trust for Andrea Hart's benefit. The trustees were directed to purchase and hold title to a manufactured home in which Andrea Hart and her family could live.

{¶ 3} Andrea married Roger Hart and had four children. The oldest, Dianna, was born in 1985. Roger Hart was a large man when the couple married and continued to gain weight until he reached 475 pounds in 2001. Apparently to abate the health problems associated with obesity, that summer Roger chose to have stomach-reduction surgery. He was at home recuperating from that surgery when, on June 30, 2001, he argued with his then 16–year–old daughter, Dianna. During the dispute, Dianna is alleged to have pushed her father.

{¶ 4} Shortly after he was shoved, Roger began to feel discomfort and, eventually, pain in and around the surgical site. The symptoms grew in frequency and intensity over the next few days. On July 6, Hart was admitted to Cleveland's MetroHealth Medical Center with abdominal pain. On July 8, corrective surgery was attempted, but Hart did not survive. He died on July 9, 2001.

{¶ 5} On June 26, 2002, appellee, Bruce Winters, as administrator of Roger Hart's estate, sued Dianna Hart for the wrongful death of her father. Incorporated into the complaint was a petition for a declaratory judgment, seeking a declaration of coverage for Dianna Hart under a mobile-home-owner's insurance policy issued by appellant, Owners Insurance Company, to the Sidney Kelsey Trust.

**18**

{¶ 6} The insurance matter was submitted to the trial court on cross-motions for partial summary judgment. Eventually the court granted appellee's motion and denied appellant's, concluding that Dianna Hart was covered under appellant's policy. This matter is now before the court, pursuant to Civ.R. 54(B).

{¶ 7} In a single assignment of error, appellant contends that the trial court erred in denying its motion and granting appellee's.

{¶ 8} Civ.R. 56(C) provides that summary judgment may be granted only if (1) no genuine issue of material fact remains to be litigated, (2) it appears from the evidence that reasonable minds can reach but one conclusion and that conclusion is adverse to the nonmoving party, and (3) the moving party is entitled to summary judgment as a matter of law. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267. In deciding whether a genuine issue of material fact precludes the grant of summary judgment, a court must adhere to Civ.R. 56(C) and view the evidence in a light most favorable to the nonmoving party. *Turner v. Turner* (1993), 67 Ohio St.3d 337, 341, 617 N.E.2d 1123.

{¶ 9} The determination whether appellant has a duty to defend and indemnify Dianna Hart under its policy requires that we consider the terms of the insurance agreement. The construction of a written contract is a matter of law, reviewed de novo. *Saunders v. Mortensen*, 101 Ohio St.3d 86, 88, 2004-Ohio-24, 801 N.E.2d 452, at ¶ 9. The goal of construction of a contract is to find the intent of the parties. The presumption is that the parties' intent may be ascertained in the language used in the written instrument. Id.

{¶ 10} If the plain language of the agreement reveals the intent of the parties, there is no need to interpret the contract. *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146, at paragraph two of the syllabus. If, however, the terms of the contract are ambiguous, the court must resolve that ambiguity. *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, at ¶ 13.

{¶ 11} For the most part, insurance policies are adhesion contracts, which are standardized agreements offered to consumers on an essentially "take it or leave it" basis, wherein the buyer has no realistic choice as to its terms. See Black's Law Dictionary (8th Ed.1999) 342; *Galatis*, supra, at ¶ 3. Consequently, any ambiguity in an insurance contract will be interpreted strictly against the drafter of the contract and in favor of the nondrafting party. Id., citing *Cent. Realty Co. v. Clutter* (1980), 62 Ohio St.2d 411, 413, 16 O.O.3d 441, 406 N.E.2d 515. A caveat to this rule is that "where 'the plaintiff is not a party to [the] contract of insurance * * *, [the plaintiff] is not in a position to urge, as one of the parties, that the contract be construed strictly against the other party.'" Id.

at ¶ 14, quoting *Cook v. Kozell* (1964), 176 Ohio St. 332, 336, 27 O.O.2d 275, 199 N.E.2d 566.

{¶ 12} At issue in this matter is the mobile-home-owner's policy issued by appellant for the mobile home occupied by the Harts. Coverage for personal liability is provided in "Coverage E," which provides:

{¶ 13} "We will pay all sums which an insured person becomes legally obligated to pay as damages because of bodily injury, personal injury (libel, slander, or defamation of character, false arrest, detention or imprisonment, malicious prosecution; invasion of privacy, wrongful eviction or wrongful entry) or property damage covered by this policy."

{¶ 14} Excluded from such coverage, however, is the following:

{¶ 15} "7. Bodily injury to:

{¶ 16} "a. you;

{¶ 17} "b. your relatives residing in your household: or

{¶ 18} "c. any other person under the age of 21 residing in your household who is in your care or the care of a resident relative."

{¶ 19} The policy defines an "insured person" as:

{¶ 20} "a. you;

{¶ 21} "b. your relatives residing in your household: and

{¶ 22} "c. any other person under the age of 21 residing in your household who is in your care or in the care of a resident relative.

{¶ 23} " 'You' and 'your' mean the insured named in the Declarations and his or her spouse if living in the same household."

{¶ 24} The declaration page of the policy names as insured "Sidney E. Kelsey Trust c/o Frank Reinheimer % Andrea J. Hart." Frank Reinheimer is a member of the three-person board overseeing the Kelsey Trust.

{¶ 25} In the trial court, appellee argued that the trust is the only insured in the policy and that a trust can have no relatives. Appellant conceded that a trust can have no relatives but asserted that, even so, a trust cannot have a "household." Consequently, appellant argued, if it is found that the trust is the only named insured on the policy, no coverage may he found because the trust itself is in no jeopardy of liability for wrongful death if it has no relatives and it has no household within which anyone can reside.

{¶ 26} The trial court found ambiguity in the "insured" portion of the policy. On the policy, the insured is stated as "Sidney E. Kelsey Trust c/o Frank Reinheimer % Andrea J. Hart." The symbol "c/o" means "in care of" and that

another has mere custody or temporary charge over an item belonging to another. *Geraldo v. First Dominion Mut. Life Ins.*, 6th Dist. No L–01–1210, 2002-Ohio-4654, 2002 WL 31002770, at ¶ 41. The symbol "%" has an equivalent meaning. *In re Estate of Willin* (Dec. 9, 1966), Delaware Chancery No. 2251, K27, 1996 WL 757214, 1996 Del. Ch. Lexis 165 (typewriters originally were manufactured with a "c/o" key, but when that practice was discontinued, the "%" key was substituted); see, also, *Consol. Packing Co. v. Capitol Packing Co.* (C.A.1, 1968), 389 F.2d 505, 506, *Ostano Commerzanstalt v. Telewide Systems* (S.D.N.Y.) 608 F.Supp. 1359, 1367. Thus, the "insured" portion of the declaration page could mean that the trust was the only insured with its mail sent in the care of Reinheimer *or* Andrea Hart. It might mean that the trust was the only insured with its mail sent care of Reinheimer *for* the care of Andrea Hart. We suppose that, although unlikely, it could mean that the trust, Reinheimer, and Andrea Hart were all intended to be insureds.

■ {¶ 27} Construing the language of the policy most favorably to the insured, the court concluded that the Kelsey Trust was the only named insured on the policy. The court agreed that since a trust can have no relatives, neither Roger nor Andrea Hart were insured persons to whom indemnity is due for damages resulting from bodily injury of another or for purposes of exclusion from coverage for bodily injury.

■ {¶ 28} The court also ruled that it was not inconsistent that the trust could have a household. A "household" is a "social unit comprised of those living together in the same dwelling." Merriam Webster's Collegiate Dictionary (10th Ed.1996) 562. The court reasoned that the whole purpose of the trust was to benefit the Hart family. It was, therefore, not unreasonable to conclude that the trust maintained a household for them. Our own observation would be that, were this not the case, there would be no liability coverage for anyone. In our view, that could not possibly have been the intention of the parties when contracting.

{¶ 29} The court concluded that the trust, as an insured person, maintained a household in which Dianna Hart, a person under age 21, resided. As such, she was entitled to defense and indemnity by the terms of the policy.

{¶ 30} We cannot say the trial court misapplied the rules of contract construction. Our own view is that, construing the language most favorably to the insured, the trial court reached the proper conclusion.

{¶ 31} Accordingly, appellant's sole assignment of error is not well taken. On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal, for which

sum judgment is rendered against appellant on behalf of Ottawa County and for which execution is awarded.   See App.R. 24.

Judgment affirmed.

HANDWORK and SKOW, JJ., concur.