OPINION
{¶ 1} Defendant-appellant, Progressive Insurance Company ("Progressive"), appeals the decision of the Butler County Court of Common Pleas granting the summary judgment motion of plaintiffs-appellees, Russell and Pam Towne, in an underinsured motorist case. We reverse the common pleas court's decision.
 {¶ 2} In September 2002, the Townes were involved in a traffic accident in Fairfield, Butler County, Ohio. An automobile driven by Matthew Prickett struck the motorcycle operated by Russell Towne, on which Pam Towne was a passenger. The Townes both sustained injuries from the accident.
 {¶ 3} In September 2003, the Townes filed a complaint against Prickett, Travelers Insurance Company ("Travelers"), and Progressive in the common pleas court. The Townes' cause of action against Prickett was a tort action for personal injuries. The cause of action against Progressive was based on an insurance contract between the Townes and Progressive under which the Townes sought underinsured motorist coverage. The Townes alleged that their damages exceeded the amount of liability insurance carried by Prickett. The cause of action against Travelers was an action pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co.,85 Ohio St.3d 660, 1999-Ohio-292, based on an insurance contract between Travelers and Mr. Towne's employer.
 {¶ 4} Prickett settled with Russell Towne for $50,000, Prickett's auto insurance policy's per person liability limit. The Townes voluntarily dismissed their Scott-Pontzer claim against Travelers. As to their claim against Progressive, the Townes filed a motion for summary judgment. Progressive also filed a motion for summary judgment.
 {¶ 5} In July 2004, the common pleas court issued a decision granting the Townes' motion for summary judgment and denying Progressive's motion for summary judgment. The court found that the parties' insurance policy was ambiguous. According to the court, it was reasonable to interpret the policy so that it provided underinsured motorist coverage to the Townes arising out of the motorcycle accident.
 {¶ 6} Progressive now appeals, assigning one error as follows: "The Trial Court erred in granting summary judgment to Plaintiffs/Appellees and denying summary judgment to Defendant/Appellant." Progressive argues that the policy unambiguously excludes underinsured motorist coverage for the Townes' injuries from the motorcycle accident.
 {¶ 7} Summary judgment is proper where (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can only come to a conclusion adverse to the party against whom the motion is made, construing the evidence most strongly in that party's favor. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66. We review a trial court's granting of a summary judgment motion de novo. Burgess v. Tackas (1998),125 Ohio App.3d 294, 296.
 {¶ 8} "An insurance policy is a contract, and the relationship and rights of the insurer and insured are contractual in nature[.]" Sarmiento v. Grange Mut. Cas. Co.,106 Ohio St.3d 403, 2005-Ohio-5410, ¶ 8. If the language of an insurance contract is clear and unambiguous, courts must enforce the contract as written, giving the contract's language its plain and ordinary meaning. Hybud Equip. Corp. v. Sphere Drake Ins.Co., Ltd. (1992), 64 Ohio St.3d 657, 665.
 {¶ 9} If the language of an insurance contract is ambiguous, courts should interpret the ambiguity strictly against the drafter of the contract and in favor of the nondrafting party. See Winters v. Hart, 162 Ohio App.3d 15, 2005-Ohio-3367, ¶ 11, citing Cent. Realty Co. v. Clutter (1980), 62 Ohio St.2d 411,413. Contractual language is ambiguous when the contract is susceptible to two or more reasonable interpretations. Covingtonv. Lucia, 151 Ohio App.3d 409, 2003-Ohio-346, ¶ 18.
 {¶ 10} "Courts may not stretch or restrict unambiguous policy provisions to reach a result clearly not sought by the parties."Marasco v. Hopewell, Franklin App. No. 03AP1-081, 2004-Ohio-6715, ¶ 34. Where the policy is clear within its four corners, courts cannot alter the provisions of the policy. Id., citing Progressive Specialty Ins. Co. v. Easton (1990),66 Ohio App.3d 177, 180.
 {¶ 11} The policy at issue states that the insurer will pay for damages the insured is entitled to recover from an underinsured motorist due to bodily injury "sustained by theinsured person," "caused by accident," and "arising out of the ownership, maintenance, or use of an * * * underinsuredmotor vehicle."[1] The policy contains an exclusion, which reads as follows: "Coverage * * * is not provided for bodilyinjury or property damage sustained by any person: 1. while operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of, you or a relative,
other than a covered vehicle[.]"
 {¶ 12} The policy's "General Definitions" section states as follows: "Except as otherwise defined in this policy, terms appearing in boldface will have the following meaning: * * * 14.`Vehicle' means a land motor vehicle:
 {¶ 13} "a. of the private passenger, pickup body, or sedan delivery type;
 {¶ 14} "b. designed for operation principally on public roads;
 {¶ 15} "c. with at least four (4) wheels; and
 {¶ 16} "d. with a gross vehicle weight of 10,000 pounds or less."
 {¶ 17} The term "vehicle" is not otherwise defined in the policy.
 {¶ 18} According to Progressive, the above-mentioned exclusion unambiguously dictates that the policy does not provide underinsured motorist coverage for damages resulting from the motorcycle accident. Progressive argues that Mr. Towne was operating a "motor vehicle" that was not a "covered vehicle" under the policy.[2] Because the term "vehicle" in "motor vehicle" is not in boldface type and is not otherwise defined in the policy, Progressive argues that the ordinary meaning of the word "vehicle" applies, not the definition provided in the "General Definitions" section. According to Progressive, that ordinary meaning is broad enough to include a motorcycle.
 {¶ 19} We agree with Progressive's argument. The "General Definitions" section of the policy unambiguously states that terms "appearing in boldface" type will have the supplied meanings. Because the term "vehicle" does not appear in boldface type in the exclusion, the policy's definition does not apply. Instead, the ordinary meaning of the word applies. See Marasco,
2004-Ohio-6715, at ¶ 35 (reaching same conclusion). The Ohio Supreme Court has concluded that the ordinary meaning of "motor vehicle" includes a motorcycle. Horsely v. United Ohio Ins. Co.
(1991), 58 Ohio St.3d 46-47. See, also, Blair v. Cincinnati Ins.Co., 163 Ohio App.3d 81, 2005-Ohio-4323, ¶ 18. Accordingly, the policy's exclusion applies because Mr. Towne was operating a "motor vehicle" (the motorcycle) that was not a "covered vehicle" under the policy. See Marasco at ¶ 35 (finding similar policy language unambiguous).
 {¶ 20} Based on the above analysis, we sustain Progressive's sole assignment of error. The above-mentioned exclusion applies and denies coverage to the Townes. We reverse the judgment of the common pleas court granting the Townes' motion for summary judgment, and grant Progressive's motion for summary judgment.
Walsh and Bressler, JJ., concur.
[1] Terms of the insurance contract represented in boldface type in this opinion appear in boldface type in the insurance contract.
[2] The motorcycle was not a "covered vehicle" pursuant to the policy's definition of that term. The Townes do not dispute that conclusion. The only vehicles listed on the declarations page of the policy were a 1999 Jeep Cherokee and a 2000 Honda Accord. As the Townes admitted in the pleadings, they had a separate insurance policy providing coverage for the operation of the motorcycle. The Townes' sole contention is that the term "motor vehicle" in the exclusion does not include a motorcycle.