OPINION
{¶ 1} Plaintiff-appellant, Nathaniel E. Burdge, appeals from the decision of the Butler County Court of Common Pleas granting judgment on the pleadings in favor of defendant-appellee, Kerasotes Showplace Theatres.
 {¶ 2} The relevant facts from the pleadings are as follows: On June 25, 2005, appellant purchased tickets at appellee's theater. In doing so, he used a credit card. The expiration date of appellant's credit card was printed on the receipt appellee provided. Appellant subsequently wrote a letter to appellee stating that it was unlawful to print the expiration date of a credit card on the receipt of an electronic transaction and demanding payment of $200. After writing the letter, appellant attended appellee's theater on two more occasions. On both occasions, July 16, 2005, and July 23, 2005, the expiration date of appellant's credit card was again printed on his receipt. Appellant then obtained counsel, who began negotiating with appellee to resolve the matter.
 {¶ 3} On August 15, 2005, the parties orally agreed to a settlement of $2,525. One condition of the settlement was that appellee forward the $2,525 payment to appellant's counsel by August 22. On August 19, appellant's counsel forwarded a signed settlement agreement to counsel for appellee. On August 22, counsel for appellee received a signed settlement agreement from appellant's counsel. On August 24, appellee's counsel returned the settlement agreement, which was signed by appellee's representative, to counsel for appellant, along with a settlement check.
 {¶ 4} Because he did not receive the settlement check by August 22 pursuant to the oral agreement reached on August 15, counsel for appellant declared a breach of the agreement and made a new settlement demand of $5,050. Counsel for appellee rejected the new settlement demand and informed counsel for appellant that he intended to pursue counterclaims under RICO and R.C. 2323.51, Ohio's frivolous conduct statute.
 {¶ 5} On August 31, 2006, appellant filed a complaint alleging that on three separate occasions appellee violated R.C.1349.18 and the Ohio Consumer Sales Practices Act ("CSPA"), R.C.1345.01 et.seq., by printing the expiration date of his credit card on his receipts. The complaint further alleged that appellee violated the CSPA when it materially breached the oral settlement agreement by failing to timely remit the settlement payment. Finally, the complaint alleged that appellee committed an unfair or deceptive practice when appellees' attorney threatened action under RICO and R.C. 2323.51. The complaint prayed for statutory and treble damages, declaratory and injunctive relief, and attorney fees pursuant to R.C. 1345.09(F).
 {¶ 6} The trial court found, as a matter of law, that R.C.1349.18 requires a consumer to suffer actual injury in order to state a claim under that statute and the CSPA. Appellant's only alleged harm was that appellee violated the statute when it printed the expiration date of his credit card on his receipt. Accordingly, the trial court granted judgment on the pleadings in favor of appellee on those claims.
 {¶ 7} With respect to the remaining claims, the trial court found, as a matter of law, that a claim under the CSPA requires a consumer transaction, and that interactions between attorneys are specifically excluded from the definition of a consumer transaction. Accordingly, as the remaining claims were based solely upon conduct between the attorneys for the parties, the trial court granted judgment on them in favor of appellee as well.
 {¶ 8} An appeal to this court followed, in which appellant raises four assignments of error.
 {¶ 9} Assignment of Error No. 1:
 {¶ 10} "THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE IN GRANTING APPELLEE'S MOTION TO DISMISS APPELLANT'S FIRST THREE CAUSES OF ACTION."
 {¶ 11} Assignment of Error No. 2:
 {¶ 12} "THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE IN OVERRULING APPELLANT'S MOTION FOR SUMMARY JUDGMENT AS TO HIS FIRST, SECOND, AND THIRD CAUSES OF ACTION."
 {¶ 13} In his first assignment of error, appellant contends the trial court erred in dismissing claims one through three in his complaint because actual injury is not required to state a claim for which relief can be granted under R.C. 1349.18 and Chapter 1345, the CSPA. In his second assignment of error, appellant contends, for essentially the same reasons, that the trial court erred by overruling his motion for summary judgment on his first three claims. Because both assignments of error concern the same questions of law, we will consider them together
 {¶ 14} In order to dismiss a complaint for failure to state a claim upon which relief may be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. A court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." Estateof Ridley v. Hamilton Cty. Bd. of Mental Retardation Developmental Disabilities, 102 Ohio St.3d 230, 232,2006-Ohio-2629, ¶ 13. Pursuant to Civ.R. 56(C), summary judgment is proper where (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can only come to a conclusion adverse to the party against whom the motion is made, construing the evidence most strongly in that party's favor. Dresher v. Burt,75 Ohio St.3d 280, 293, 1996-Ohio-107.
 {¶ 15} At the outset, we note that neither side disputes the requisite standard of review for summary judgment or for a motion to dismiss. We also note that the resolution of the issues raised in appellant's first and second assignments of error involve a matter of law. Therefore, we will dispense with an extended discussion of the applicable standards and apply them as appropriate.[1] See Civ.R. 56; Civ.R. 12(B)(6) and (C);Towne v. Progressive Ins. Co., Butler App. No. CA2005-02-031,2005-Ohio-7030, ¶ 7; Springer v. Fitton Ctr. for Creative Arts,
Butler App. No. CA2004-06-128, 2005-Ohio-3624, ¶ 12.
 {¶ 16} Appellant's claims are based, in part, upon R.C.1349.18. In relevant part, R.C. 1349.18 provides:
 {¶ 17} "(A) No person or limited liability company that accepts credit cards for the transaction of business shall print more than the last five digits of the credit card account number, or print the expiration date of a credit card, on any receipt provided to the cardholder.
 {¶ 18} "* * *
 {¶ 19} "(C) A violation of this section is deemed an unfair or deceptive act or practice in violation of section 1345.02 of the Revised Code. A person injured by a violation of this section has a cause of action and is entitled to the same relief available to a consumer under section 1345.09 of the Revised Code, and all powers and remedies available to the attorney general to enforce sections 1345.01 to 1345.13 of the Revised Code are available to the attorney general to enforce this section."
 {¶ 20} In relevant part, R.C. 1345.02 provides:
 {¶ 21} "(A) No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."
 {¶ 22} In relevant part, R.C. 1345.09 provides:
 {¶ 23} "For a violation of Chapter 1345 of the Revised Code, a consumer has a cause of action and is entitled to relief as follows:
 {¶ 24} "(A) Where the violation was an act prohibited by section 1345.02, 1345.03, or 1345.031 of the Revised Code, the consumer may, in an individual action, rescind the transaction or recover the consumer's damages.
 {¶ 25} "(B) Where the violation was an act or practice declared to be deceptive or unconscionable by rule adopted under division (B) (2) of section 1345.05 of the Revised Code before the consumer transaction on which the action is based, or an act or practice determined by a court of this state to violate section 1345.02, 1345.03, or 1345.031 of the Revised Code and committed after the decision containing the determination has been made available for public inspection under division (A)(3) of section 1345.05 of the Revised Code, the consumer may rescind the transaction or recover, but not in a class action, three times the amount of the consumer's actual damages or two hundred dollars, whichever is greater, or recover damages or other appropriate relief in a class action under Civil Rule 23, as amended.
 {¶ 26} "* * *
 {¶ 27} "(D) Any consumer may seek a declaratory judgment, an injunction, or other appropriate relief against an act or practice that violates this chapter.
 {¶ 28} "(E) When a consumer commences an individual action for a declaratory judgment or an injunction or a class action under this section, the clerk of court shall immediately mail a copy of the complaint to the attorney general. Upon timely application, the attorney general may be permitted to intervene in any private action or appeal pending under this section. When a judgment under this section becomes final, the clerk of court shall mail a copy of the judgment including supporting opinions to the attorney general for inclusion in the public file maintained under division (A)(3) of section 1345.05 of the Revised Code.
 {¶ 29} "(F) The court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed, if either of the following apply:
 {¶ 30} "(1) The consumer complaining of the act or practice that violated this chapter has brought or maintained an action that is groundless, and the consumer filed or maintained the action in bad faith;
 {¶ 31} "(2) The supplier has knowingly committed an act or practice that violates this chapter."
 {¶ 32} Appellant contends that whether or not a consumer sustains any actual injury, the forgoing statutory provisions create a private cause of action anytime a "person or limited liability company that accepts credit cards for the transaction of business * * * print[s] the expiration date of a credit card on any receipt provided to the cardholder." R.C. 1349.18(A).
 {¶ 33} Addressing appellant's contention requires us to engage in statutory construction. We must discern the intent of the Ohio General Assembly in enacting the CSPA in general, and R.C. 1349.18 in particular. Thus, we begin our analysis with a review of the general rules of statutory construction, a review of the CSPA, and a summary of R.C. 1349.18, Ohio's credit card truncation statute.
 A. Rules of Statutory Construction {¶ 34} In attempting to discern the intentions of the General Assembly, a court must examine the language employed in a statute and the purpose to be accomplished. State ex rel. Francis v.Sours (1944), 143 Ohio St. 120, 124. In doing so, courts must keep in mind that a strong presumption exists against any construction which produces unreasonable or absurd consequences.State ex rel. Belknap v. Lavelle (1985), 18 Ohio St.3d 180,181-182; R.C. 1.47(C).
 {¶ 35} The Ohio Supreme Court declared in Gulf Oil Corp. v.Kosydar (1975), 44 Ohio St.2d 208, paragraph two of the syllabus: "If the construction and interpretation of statutory language reveals the statute to be facially ambiguous, it is the function of the courts to construe the statutory language to effect a just and reasonable result."
 {¶ 36} In interpreting a statute, words and phrases shall be read in context and construed according to the rules of grammar and common usage. Indep. Ins. Agents of Ohio, Inc. v. Fabe
(1992), 63 Ohio St.3d 310, 314; R.C. 1.42. Courts do not have authority to ignore the plain and unambiguous language of a statute under the guise of statutory interpretation, but must give effect to the words used. Wray v. Wymer (1991),77 Ohio App.3d 122, 1311-32. In other words, courts may not delete words used or insert words not used. Cline v. Ohio Bur. of MotorVehicles (1991), 61 Ohio St.3d 93, 97.
 {¶ 37} Furthermore, the Ohio Supreme Court has held that statutes relating to the same general subject matter must be read in pari materia. Johnson's Markets, Inc., v. New CarlisleDepartment of Health (1991), 58 Ohio St.3d 28. "The business of writing statutes is often a complex and cumbersome affair. In determining the intent of the General Assembly, it is to be presumed that a code of statutes relating to one subject is governed by one spirit and policy and intended to be consistent and harmonious in its several parts." Cuyahoga Cty. SupportEnforcement Agency v. Lozada (1995) 102 Ohio App.3d 442, 450.
 {¶ 38} Finally, "[i]f a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail." R.C. 1.51.
 B. The Ohio Consumer Sales Practices Act. {¶ 39} The CSPA is a remedial statute designed to compensate for traditional consumer remedies. The CSPA was modeled after the Uniform Consumer Sales Practices Act, which provides policies for protecting consumers from suppliers who engage in deceptive and unconscionable sales practices, and also encourages the development of fair consumer sales practices. Crye v. Smolak
(1996), 110 Ohio App.3d 504, 512; see, also, Ohio Adm. Code109:4-3-01(A).
 {¶ 40} Pursuant to R.C. 1345.09(A), if a supplier commits an act that violates R.C. 1345.02 or 1345.03, the consumer may sue to rescind the transaction or recover his or her damages in an individual action. A consumer may also seek a declaratory judgment, an injunction, or other appropriate relief. R.C.1345.09(D).
 {¶ 41} Additionally, the CSPA provides the Ohio Attorney General with specific powers and duties. R.C. 1345.05. Among these is the duty to make available for public inspection judgments and opinions of Ohio courts that determine that certain acts or practices violate R.C. 1345.02 through 1345.03, and the duty to inform consumers and suppliers of acts that violate the CSPA. See R.C. 1345.05(A)(3) through (4).
 {¶ 42} The Attorney General also has the power to investigate acts and practices that have come to his or her attention, and there are a number of remedies available to the Attorney General to correct a violation, if he or she believes that the remedy would be in the public interest. R.C. 1345.06(A) and R.C.1345.07(A). Particularly, the Attorney General may seek an action for declaratory judgment, injunctive relief, or a class action.
 {¶ 43} The CSPA also provides for the right of a consumer to proceed as a private attorney general. Eagle v. Fred MartinMotor Co. (2004), 157 Ohio App.3d 150, 161; R.C. 1345.09(D). When a consumer commences a CSPA claim for declaratory judgment, injunction, or class action, the clerk of courts is required to mail a copy of the complaint to the Attorney General, who may intervene in the action. R.C. 1345.09(E). If and when the judgment in the action becomes final, the clerk must mail a copy of the judgment and supporting opinion to the Attorney General to include it in the public file as provided under R.C. 1345.05. Id.
 {¶ 44} Finally, a court may award reasonable attorney fees for work performed if the supplier is deemed to have knowingly committed an act or practice that violates the CSPA. R.C.1345.09(F)(2). The purpose behind most of these types of statutory fee authorizations is to encourage attorneys to represent indigent clients and to act as private attorneys general in vindicating legislative policies. Turner v.Progressive Corp. (2000), 140 Ohio App.3d 112, 118; Eagle at 161.
 C.R.C. 1349.18: Ohio's Credit Card Truncation Statute {¶ 45} R.C. 1349.18 is relatively new legislation that went into effect on July 1, 2004. Numerous states have statutory provisions that are nearly identical to R.C. 1349.18. We have, however, found no decision from any state that addresses the issues raised in this appeal. The Fair Credit Reporting Act also contains a provision in Section 1681c, Title 15, U.S. Code that states: "[N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." The goal of R.C. 1349.18 and the similar state and federal statutes appears to be curtailing the problem of identity theft.
 D. Application of R.C. 1349.18 and the CSPA to the Case at Bar. {¶ 46} R.C. 1345.09(B) empowers a consumer to recover $200 in statutory damages when either one of the following are proved: (1) the alleged violation was an act or practice declared to be deceptive or unconscionable by a rule that was adopted by the Ohio attorney general before the consumer transaction on which the action is based occurred, or (2) the alleged violation was an act or practice determined by a court of this state to be a violation of section 1345.02, 1345.03, or 1345.031 of the Revised Code, and the alleged violation was committed after the decision containing the determination has been made available for public inspection.
 {¶ 47} Appellant argues that appellees' conduct constituted acts determined by an Ohio court to be a violation of R.C.1345.02, and that those acts were committed after the decision of that court was made available for public inspection. Specifically, appellant contends that in Kimmel v. Ulrey Foods,Inc. (Apr. 29, 2005), Franklin M.C. No. 2005-CVH-006795, an Ohio court, through a consent decree judgment, declared that printing the expiration date of a credit card on a receipt is an unfair or deceptive practice in violation of R.C. 1345.01 et. seq., the CSPA. Further, appellant contends, Kimmel was made available for public inspection at the office of the Ohio Attorney General on April 29, 2005, prior to the alleged violations.
 {¶ 48} Appellant also relies on Stromp v. Fifth Third Bank
(May 30, 2006), Deleware M.C. No. 06CVE00278, and Burdge v.Kandassubs, Inc. (Apr. 28, 2006), Butler C.P. No. 2005-11-3562, to support his contention that statutory damages are available to a consumer whether or not he has suffered actual damages.
 {¶ 49} In Stromp, the plaintiffs, relying on Kimmel,
alleged that defendant Brewster Lane, Inc. ("Brewster"), dba "The Wedgewood Pub Grill," violated R.C. 1349.18 and the CSPA by printing plaintiffs' credit card account numbers and expiration dates on sales receipts. Brewster admitted in its answer that it committed eleven violations of R.C. 1349.18. Accordingly, the trial court entered judgment granting $200 in statutory damages for each of the eleven violations. The trial court also entered declaratory judgment in plaintiffs' favor stating defendant's actions constituted unfair or deceptive acts in violation of R.C.1345.02.
 {¶ 50} In Kandassubs, the same trial court that granted judgment against appellant in this case granted a default judgment in favor of appellant, awarding him $200 in statutory damages, and declaratory and injunctive relief.
 {¶ 51} Finally, appellant relies on a Columbus television news broadcast in which the Deputy Attorney General in charge of the Consumer Protection Division of the Attorney General's office stated that a consumer may recover either actual damages or statutory damages for a violation of R.C. 1349.18.
 {¶ 52} Conversely, appellee contends that appellant's position is flawed because it fails to properly take into account R.C. 1349.18. As noted above, R.C. 1349.18(C) states, in part: "A person injured by a violation of this section has a cause of action" under the CSPA. Relying on this language, appellee contends that a private cause of action under the CSPA for a violation of R.C. 1349.18 does not exist unless a consumer is first actually injured as a result of having his or her credit card expiration date printed on a receipt.
 {¶ 53} In further support of its position, appellee submits that other Ohio courts have recently concluded that R.C. 1349.18
requires a plaintiff to suffer actual injury before a consumer has a private cause of action under the CSPA. See, e.g. Burdgev. Supervalu Holdings, Inc. (Feb 22, 2006), Hamilton Co. M.C. No. 05CV25267. For the reasons that follow, we find appellee's position presents the correct interpretation of the statutes.
 {¶ 54} To begin, R.C. 1345.09 is part of the general laws that form the CSPA, while R.C. 1349.18 is a specific provision enacted at a later time as an amendment to the CSPA. Because these provisions concern the same subject matter, they should be construed in pari materia. Johnson's Markets.
 {¶ 55} In general, actual injury is not a necessary prerequisite to recovery under the CSPA. See e.g. Crye; R.C.1345.09(B), (C). It is also clear that the Ohio General Assembly intended to empower consumers to act as private attorneys general to aid enforcement of the CSPA. Eagle; R.C. 1345.09(D), (E). Whether the General Assembly intended for consumers who suffer no actual injury to act as private attorneys general to aid in upholding R.C. 1349.18, however, is not clear when R.C. 1345.09
and R.C. 1349.18 are read and considered together.
 {¶ 56} R.C. 1345.09 begins: "For a violation of Chapter 1345 of the revised Code, a consumer has a cause of action * * *." R.C. 1349.18(C) provides: "A violation of this section is deemed an unfair or deceptive act or practice in violation of section1345.02 of the Revised Code. A person injured by a violation of this section has a cause of action and is entitled to the same relief available to a consumer under section 1345.09 * * *." Considering these two provisions together, what is immediately apparent is that R.C. 1345.09 only requires a violation of Chapter 1345 for a consumer to have a cause of action, while R.C.1349.18 requires a person to be injured by a violation of that section to have a cause of action. Thus, the two provisions appear to be in conflict.
 {¶ 57} As noted above, R.C. 1.51 provides: "If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision * * *." Thus, any irreconcilable conflict in the wording of R.C. 1345.09, the general provision, and R.C.1349.18, the special provision, must be resolved in favor of requiring a consumer to incur an actual injury before he or she can state a claim under the CSPA for a violation of R.C. 1349.18.
 {¶ 58} We also find appellant's reliance on the damages scheme in R.C. 1345.09(B) is misplaced, and fails to properly give effect to the injury requirement in R.C. 1349.18. As noted, R.C. 1345.09(B) provides for statutory damages or actual damages once a court decision declaring an act or practice unfair or deceptive is made known to the public. However, R.C. 1349.18
was already in effect before any Ohio court declared that printing the expiration date of credit card on a consumer's receipt was an unfair or deceptive practice. To conclude that because a court has now determined the printing of a credit card expiration date on a receipt is a violation of the CSPA, and therefore R.C. 1345.09(B) should apply in place of R.C. 1349.18, is tantamount to concluding the enactment of R.C. 1349.18 was meaningless or superfluous.
 {¶ 59} Finally, as noted above, courts must keep in mind that a strong presumption exists against any statutory construction that produces unreasonable or absurd consequences. R.C. 1.47(C). Finding that consumers such as appellant can collect $200 in damages, without suffering any injury, every time they visit any merchant in Ohio who has not yet upgraded his or her electronic transaction equipment to comply with current law would lead to seemingly absurd results.
 {¶ 60} Appellant's first and second assignments of error are overruled.
 {¶ 61} Assignment of Error No. 3:
 {¶ 62} "THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE IN GRANTING APPELLEE'S MOTION TO DISMISS APPELLANT'S FOURTH CAUSE OF ACTION."
 {¶ 63} Assignment of Error No. 4:
 {¶ 64} "THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE IN GRANTING APPELLEE'S MOTION TO DISMISS APPELLANT'S FIFTH CAUSE OF ACTION."
 {¶ 65} In his third assignment of error, appellant contends the trial court erred in dismissing the fourth cause of action in his complaint, which alleges that appellee violated R.C.1345.02(A) of the CSPA by breaching the settlement agreement. In his fourth assignment of error, appellant contends the trial court erred in dismissing his fifth cause of action, which alleges that appellee violated the CSPA by threatening to pursue claims against appellant under RICO and R.C. 2323.51. Because both assignments of error involve the same issues of law and fact, we consider them together.
 {¶ 66} A claim under the CSPA requires a consumer transaction. R.C. 1345.02(A). A consumer transaction "does not include * * * transactions between attorneys." R.C. 1345.01(A). A review of appellant's complaint reveals that his fourth and fifth causes of action are based entirely upon conduct occurring between appellant's counsel and appellee's counsel. Thus, appellant failed to state a claim for which relief can be granted under the CSPA in his fourth and fifth causes of action. Accordingly, the trial court did not err in dismissing the fourth and fifth claims in appellant's complaint.
 {¶ 67} Appellant's third and fourth assignments of error are overruled.
 {¶ 68} Judgment affirmed.
Powell, P.J., and Bressler, J., concur.
[1] Appellee moved to dismiss after filing an answer. Thus, the motion was technically one for judgment on the pleadings. The standard on a motion for judgment on the pleadings, however, is the same as the standard for a motion to dismiss filed before an answer; both motions raise only questions of law. Slone v.Aerospace Design Fabrication, Inc. (1996),111 Ohio App.3d 725, 730.