OPINION
{¶ 1} Defendant-appellant, Motorists Mutual Insurance Company ("Motorists"), appeals a decision of the Butler County Court of Common Pleas denying its motion for summary judgment and granting summary judgment in favor of third party defendant-appellee, American States Insurance Company ("American States"), in a dispute involving underinsured motorist coverage. Motorists also appeals a judgment entry finding in favor of James J. Slattery, Jr. on Slattery's complaint against Motorists and on Motorists' counterclaim against him. We affirm.
 {¶ 2} On the evening of June 16, 2002, a vehicle driven by Tyler Swinney collided with a BMW roadster driven by appellee James Slattery at a West Chester intersection. The BMW was owned by Linda Wohl, who occupied the passenger seat. The accident occurred when Swinney negligently turned left into the path of the car operated by Slattery. Both Wohl and Slattery suffered extensive injuries as a result of the collision.
 {¶ 3} At the time of the accident, Wohl had an automobile insurance policy with Motorists, which covered her 1996 BMW. The coverage provided uninsured/underinsured ("UM/UIM") limits of $250,000 per person and $500,000 per accident. Slattery had an automobile policy with American States d.b.a. InsurQuest. Slattery's policy provided UM/UIM limits of $12,500 per person and $25,000 per accident. Swinney was insured under an automobile policy issued by Progressive Insurance Company ("Progressive"), with a single limit coverage of $500,000.
 {¶ 4} Wohl and Slattery filed separate suits against Swinney, which were consolidated by agreement of the parties.[1] Slattery's case against Swinney included a claim for UIM coverage from Motorists. The parties agreed to a settlement releasing Swinney whereby Progressive would pay the full $500,000 coverage amount to Wohl and Slattery, allowing them to allocate the funds amongst themselves. Slattery requested that Motorists agree to the settlement, based upon a proposed allocation of $499,999 to Wohl and $1 to Slattery. Motorists assented, but informed Slattery that he did not qualify as an "insured" under the UM/UIM portion of its policy with Wohl.
 {¶ 5} Motorists filed a counterclaim against Slattery and a third party complaint against American States. Motorists sought a declaratory judgment that Slattery was not an insured for UM/UIM coverage under Motorists' policy with Wohl. Motorists stipulated that Slattery's damages were at least $250,000, thus making the insurance coverage the central issue in this case.
 {¶ 6} The parties filed cross motions for summary judgment. The trial court issued a decision on April 11, 2006 overruling Motorists' motion and granting American States' motion.[2] The following month, in accordance with its April 11 decision and the stipulated damages, the court issued an entry granting judgment in favor of Slattery on his complaint and on Motorists' counterclaim against him. The entry stated that Slattery was to receive $249,999 in UIM benefits from Motorists. Motorists timely appealed, raising one assignment of error.
 {¶ 7} This court conducts a de novo review of the trial court's summary judgment decision. Burgess v. Tackas (1998),125 Ohio App.3d 294, 296. Summary judgment is proper where there are no genuine issues of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can only come to a conclusion adverse to the nonmoving party, construing the evidence most strongly in the that party's favor. Civ. R. 56(C). See, also, Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. The moving party bears the initial burden of informing the court of the basis for the motion, and demonstrating the absence of a genuine issue of material fact.Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107. If the moving party meets its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing a genuine issue for trial. Id. We are mindful of these burdens in reviewing Motorists' sole assignment of error.
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "THE TRIAL COURT ERRED IN RULING THAT SENATE BILL 97, R.C. SECTION 3937.18, AS AMENDED OCTOBER 31, 2001, REQUIRED MOTORISTS TO COVER JAMES SLATTERY FOR UM/UIM COVERAGE WHEN THE MOTORISTS POLICY LANGUAGES EXCLUDES MR. SLATTERY FROM THE DEFINITION OF `INSURED' FOR UM/UIM COVERAGE."
 {¶ 10} Both Slattery and American States maintain that Slattery should be afforded UIM coverage because the definition of "insured" under the UIM section of Motorists' policy with Wohl is ambiguous and should be construed in favor of coverage for Slattery.
 {¶ 11} Motorists argues that Slattery and American States are foreclosed from addressing the issue of ambiguity on appeal because that issue was not discussed in the trial court's decision. It is axiomatic that a party cannot raise new issues or legal theories for the first time on appeal. Lay v. Chamberlain (Dec. 11, 2000), Madison App. No. CA99-11-030, at 21. Failure to raise an issue before the trial court results in waiver of that issue for appellate purposes. State v.Awan (1986), 22 Ohio St.3d 120, syllabus. However, the record shows that American States' motion for summary judgment raised the issue of ambiguity in the insurance policy. Because we conduct a de novo review of the trial court's ruling on summary judgment, we are not confined to those issues disposed of by the trial court's decision. Burgess v.Tackas (1998), 125 Ohio App.3d 294, 296.
 {¶ 12} The Motorists policy issued to Wohl that was in effect at the time of the accident included an endorsement defining an "insured" for UM/UIM coverage as:
 {¶ 13} "1. You or any family member.
 {¶ 14} "2. Any other person occupying your covered auto who is not a named insured or an insured family member for uninsured motorist coverage under another policy." (Emphasis omitted.)
 {¶ 15} Motorists maintains that the language in subsection two of the above "insured" definition narrows the definition of "insured" for UIM coverage and plainly excludes Slattery due to the fact that he had UIM coverage under his policy with American States at the time of the accident.
 {¶ 16} The issue of contractual ambiguity is a question of law for the court. Westfield Ins. Co. v. HULS Am., Inc. (1998), 128 Ohio App.3d 270,291. Any ambiguities are to be construed strictly against the insurer and liberally in favor of the insured. Towne v. Progressive Ins.Co., Butler App. No. CA2005-02-031, 2005-Ohio-7030, ¶ 8. Ambiguity exists where contract language is susceptible to two or more reasonable interpretations. Id. at ¶ 9.
 {¶ 17} A review of Motorists' insurance policy with Wohl reveals the following ambiguity. Subsection two of the definition attempts to limit coverage by excluding "[a]ny other person occupying your covered auto who is not a named insured or an insured family member for uninsured motorist coverage under another policy." This provision, which Motorists maintains excludes Slattery from UIM coverage, is reasonably susceptible to two interpretations. See Towne, 2005-Ohio-7030 at ¶ 9. To what does the phrase "for uninsured motorist coverage under the policy" refer? As reasoned by the dissenting opinion construing the same provision inSafeco v. Motorists Mut. Ins. Co., Cuyahoga App. No. 86124,2006-Ohio-2063:
 {¶ 18} "In the case at bar, the majority has ignored the fundamental ambiguity of the key provision in the policy. The policy language at issue is as follows: `Any other person occupying your covered auto who is not a named insured or an insured family member for uninsured motorists coverage under another policy.'
 {¶ 19} "In understanding this sentence, the question is what the tail prepositional phrase, `for uninsured motorists coverage under another policy,' modifies. More specifically, the question is whether that qualifying tail modifies only `an insured family member,' or whether the tail also modifies `a named insured.'
 {¶ 20} " * * * It is quite clear that the qualifying prepositional phrase at the end of the policy sentence above modifies what immediately precedes it. It is not clear, however, that the qualifying tail reaches over and modifies what is on the other side of `or.'
 {¶ 21} "Thus the clause can be read to mean that UM/UIM coverage will be provided for `[a]ny other person occupying your covered auto who is not a named insured * * * for uninsured motorists coverage under another policy.' But the clause can also be read to mean that coverage will be available to `[a]ny other person occupying your covered auto who is not a named insured * * *.'" Id. at ¶ 29-32 (Karpinski, J., dissenting).
 {¶ 22} The fact that the UIM definition is susceptible to two or more reasonable interpretations regarding who qualifies as an "insured" under that portion of the policy results in an ambiguity in the language. Subsection two can be interpreted to provide coverage to anyone occupying the named insured's covered vehicle who is not (a) a named insured, or (b) an insured family member for UM coverage under another policy. However, subsection two can also be interpreted to provide coverage to anyone occupying the named insured's covered vehicle who is not (a) a named insured who has UM coverage under another policy, or (b) an insured family member who has UM coverage under another policy.
 {¶ 23} Ambiguities are typically construed in favor of the insured. See Towne at ¶ 8. However, where the claimant's status as an "insured" under an insurance policy is at issue in the case, ambiguities are to be construed in favor of the policyholder, not the claimant. Westfield Ins.Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, ¶ 35. Thus, the question becomes whether ruling that a permissive operator of a covered auto is entitled to UIM coverage favors the policyholder, Wohl. See id. We find that it does.
 {¶ 24} As stated, Wohl's policy with Motorists affords UM/UIM coverage of $250,000 per person and $500,000 per accident. Thus, the maximum amount Wohl could have recovered under her own policy is $250,000 in UIM benefits. Wohl obtained a higher payout in receiving the majority of the settlement money. She collected $499,999 instead of $250,000. Slattery then was able to pursue $250,000 in UIM benefits under Wohl's policy. In addition, if Wohl and Slattery were to have evenly split the $500,000 settlement, neither would have been able to pursue a UIM claim under the Motorists policy because the $250,000 figure matches the amount of UIM coverage available per person under the Motorists policy.
 {¶ 25} Our ruling benefits Wohl in an additional respect. As the policyholder, Wohl pays premiums for UM/UIM coverage to protect permissive users and passengers in her insured automobile. Contractually, then, Wohl benefits when such users and passengers are eligible for the UM/UIM coverage for which she pays premiums.
 {¶ 26} We observe that our decision conflicts with the majority opinion in the Eighth Appellate District's treatment of this issue inSafeco, 2006-Ohio-2063. However, we conclude that, because of the ambiguities in the Motorists insurance policy, Slattery is not excluded from UIM coverage, as the permissive operator of a covered vehicle. The trial court thus did not err in awarding summary judgment to American States and in awarding UIM coverage to Slattery under the Motorists policy.
 {¶ 27} Motorists' assignment of error is overruled.
 {¶ 28} Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.
[1] Linda Wohl did not sue Motorists for UM/UIM coverage, and is not a party to this appeal.
[2] As the party against whom American States' summary judgment motion was made, we construe the facts in favor of Motorists on appeal. See Civ.R. 56(C). See, e.g., Bell v. Berryman (2004), Franklin App. No. 03AP-500, 2004-Ohio-4708.