OPINION
{¶ 1} Plaintiffs-appellants, Peggy L. Popham and Dennis G. Popham,[1] appeal the decision of the Butler County Court of Common Pleas denying their motion for summary judgment, and granting summary judgment in favor of defendant-appellee, Golden Corral *Page 2 
Corp., d/b/a Golden Corral Steak Buffet and Bakery, in a negligence action involving adulterated food served at appellee's dining establishment. We affirm the trial court's decision.
 {¶ 2} On the morning of December 16, 2003, appellant traveled from her home in Okeana, Ohio to Winchester, Kentucky to visit her sister and other relatives who lived in the area. Appellant met her sister at a local shopping area in Winchester, and the two spent the morning hours shopping. Later that day, appellant and her sister met other relatives for dinner at appellee's buffet-style dining establishment.
 {¶ 3} When they arrived at the restaurant, appellant and the rest of her party purchased buffet dinners and were shown to a table in the smoking section.[2] Appellant served herself a plate of food from the buffet, including a portion of green beans. She then took her plate back to the table and began to eat her meal and converse with her sister. As she began to swallow a bite of green beans, however, appellant observed a foreign object in her mouth, and proceeded to regurgitate the green beans. Appellant noticed an approximately one-inch metal object resembling a fishhook in the regurgitated matter.
 {¶ 4} After examining the object and discussing the incident with her sister, appellant notified two waitresses of the incident, and handed one the metal object which she claimed to have partially swallowed. One of the waitresses then notified the manager of the situation. The manager, however, never approached appellant to discuss the incident, and the waitress simply relayed to appellant the manager's comment that the metal object must have been "in the packaging." Thereafter, appellant did not seek to speak with the manager or to obtain the metal object from the waitress, and left the establishment without further incident.
 {¶ 5} Appellant accompanied her sister home that evening, and spent the remainder *Page 3 
of the evening conversing with her sister and her sister's husband. Appellant was experiencing no physical discomfort at that time. As she slept that night, however, appellant began to experience shortness of breath and throat pain. Appellant's sister looked into her throat and noticed it appeared red and swollen. Appellant, however, did not go to the emergency room that night, but rather, gargled with mouth wash and went back to sleep.
 {¶ 6} The following day, appellant returned to Ohio, but continued to experience throat pain. She treated with various physicians for the pain, as well as for an alleged change in her voice that developed sometime after her return to Ohio.
 {¶ 7} On December 16, 2004, appellant filed suit in Hamilton County, Ohio, alleging a common law negligence claim against appellee. The case was later transferred to Butler County, where appellant resides. After a trial date was set, each party moved for summary judgment. The trial court proceeded to grant summary judgment in favor of appellee and to deny appellant's summary judgment motion. In doing so, the court applied the substantive law of Kentucky, and determined that appellant failed to establish appellee knew or should have known a foreign object was present in the beans, or that her claimed injuries were causally related to the alleged metal hook ingestion.
 {¶ 8} Appellant now appeals the trial court's decision, raising the following assignment of error.
 {¶ 9} Assignment of Error No. 1:
 {¶ 10} "THE COURT ERRED TO THE PREJUDICE OF PLAINTIFFS-APPELLANTS BY DENYING PLAINTIFFS-APPELLANTS' [SIC] PARTIAL SUMMARY JUDGMENT AND GRANTING DEFENDANT-APPELLEE'S [SIC] SUMMARY JUDGMENT."
 {¶ 11} In her sole assignment of error, appellant argues the trial court erred by denying her motion for summary judgment, and by granting summary judgment in favor of appellee, where she presented sufficient evidence demonstrating that appellee breached its duty to her *Page 4 
which proximately caused her to suffer injury. We find appellant's argument to be without merit.
 {¶ 12} As an initial matter, both parties agreed before the trial court that Kentucky law should be applied to appellant's claims. Accordingly, the trial court applied the substantive law of Kentucky in ruling upon the parties' summary judgment motions, and this court will apply the same on review. Nevertheless, "while a forum may apply the substantive law of another state, the forum's own procedural law will govern the case." White v. Crown Equip. Corp., 160 Ohio App.3d 503,2005-Ohio-1785, ¶ 13. As a result, this court will apply the procedural law of Ohio in determining whether the trial court's summary judgment decision was appropriate.
 {¶ 13} We review a trial court's summary judgment decision de novo. See Wohl v. Swinney, Butler App. No. CA2006-05-123, 2007-Ohio-592, ¶ 7. Summary judgment is proper where the moving party demonstrates there are no genuine issues of material fact remaining for trial, the moving party is entitled to judgment as a matter of law and reasonable minds can only come to a conclusion adverse to the nonmoving party, construing the evidence most strongly in that party's favor. See Civ.R. 56(C); id. The movant bears the initial burden of informing the court of the basis for the motion, and demonstrating the absence of a genuine issue of material fact. See Dresher v. Burt, 75 Ohio St.3d 280, 293,1996-Ohio-107. Once this burden is met, the nonmovant has a reciprocal burden to set forth specific facts showing a genuine issue for trial. See id.
 {¶ 14} To maintain an actionable negligence claim under Kentucky law, "the plaintiff must establish the existence of a duty owed by the defendant, a breach of that duty, a causal connection between that breach and the injury suffered, and injury to the plaintiff. If the plaintiff is unable to establish one of these elements by affirmative evidence, the action must fail." See Pierce v. Swope Motors, Inc. (Apr. 16, 2004), Ky. App. No. 2002-CA-002423-MR, *Page 5 2004 WL 813431, at *1. (Internal citations omitted.)
 {¶ 15} Here, appellant alleges she was a customer of appellee's dining establishment on the date in question, and a business invitee to whom appellee owed a duty to provide a meal safe for consumption. An "owner or possessor of property owes an invitee or business visitor the active, positive duty of keeping * * * the premises * * * in a condition reasonably safe for use in a manner consistent with the purpose of the invitation. If the possessor knows or by the exercise of ordinary care or reasonable diligence could discover a natural or artificial condition which, if known, he should realize involves an unreasonable risk to the invitee * * * and does not remedy the condition or serve fair warning of peril, the possessor is negligent." Lewis v. C C Enterprises (Jan. 13, 2006), Ky. App. No. 2004-CA-001936-MR, 2006 WL 73590, at *5.
 {¶ 16} Appellee argues appellant has failed to establish such a duty was owed to her because she failed to produce documentary evidence proving she was a customer of appellee's establishment on the date in question. Appellant testified during her deposition that she has no receipt from appellee's establishment, or any other document evidencing she was even in Kentucky that day. The only evidence appellant offered as to this issue was her own testimony as well as that of her sister.
 {¶ 17} Notwithstanding the absence of documentary evidence, we find the testimony of appellant, along with that of her sister, is sufficient to create a genuine issue for trial as to whether appellant was a customer of appellee's establishment on the date in question. Accordingly, assuming appellant was a business invitee of appellee's establishment, appellee owed appellant a duty to maintain its premises in a reasonably safe condition, and to warn her of any hidden dangers of which it was or should have been aware. See Lewis.
 {¶ 18} In determining whether a premises owner breached its duty to a business invitee, it is fundamental that negligence "will not be presumed from the fact that an accident *Page 6 
occurred or that an injury has been sustained. To authorize the submission of a case to the jury, there must be some evidence of probative value to show that [the] defendant was negligent * * *." SeeHoskins v. Hoskins (Ky.App.1958), 316 S.W.2d 368, 370; see, also,Parras v. Standard Oil Co. (1953), 160 Ohio St. 315, paragraph one of the syllabus.
 {¶ 19} Here, appellant argues the trial court applied the "wrong standard" in dismissing her negligence claim against appellee when it found that appellee neither knew nor should have known a metal object was present in the beans it served to appellant. Appellant alleges notice is immaterial because appellee created the hazard by failing to inspect the subject beans.[3] We find appellant's contention to be without merit.
 {¶ 20} If a business invitee is "injured because of an encounter with a foreign substance or other dangerous condition on the business premises, the owner can avoid liability by proving that the hazard was not caused by the owner or the owner's employees and that the hazard was not present for a sufficient period of time before the accident to give the owner notice to remove it or to warn invitees of its presence."Horne v. Precision Cars of Lexington, Inc. (Ky.App.2005),170 S.W.3d 364, 368. "If the actions of the owner or the owner's employees created the hazardous condition, notice is immaterial." Id.
 {¶ 21} Our review of the record yields no evidence to support a finding that appellee created the alleged hazardous condition by failing to inspect the subject beans. Appellant has produced no evidence regarding appellee's food preparation practices or standards, appellee's employees who prepared the beans on this occasion, how or when the beans were prepared, or how long the beans had been on the buffet table prior to this occurrence. *Page 7 
In fact, appellant testified she did not know how appellee's employees were trained with respect to food preparation, or how or when the metal object became incorporated into the subject beans on this occasion.[4]
 {¶ 22} Moreover, appellant failed to produce the hook itself following this incident, or any evidence concerning the subject hook. Our review of the record indicates there is no evidence, other than appellant's own testimony and that of her sister, describing or identifying the hook. Accordingly, we are unable to find any evidence supporting appellant's conclusion that appellee created the alleged hazardous condition in this case by failing to inspect the subject beans.
 {¶ 23} Finding no evidence to support appellant's contention that appellee created the hazard, we must determine whether appellee knew or should have known the metal object was present in the beans. Like the trial court, we fail to find any evidence in this regard. Again, appellant produced no evidence as to how, when or by whom the subject beans were prepared or served, and acknowledged she did not know how or when the metal object became incorporated into the beans. In fact, appellant testified that she did not see the metal object even though she placed a serving of the beans on her plate, then gathered a number of beans on her spoon to place in her mouth. Based upon appellant's failure to produce any evidence of appellee's alleged negligence, other than her own unsupported conclusions, we find appellant has failed to prove a genuine issue exists as to whether appellee breached its duty.
 {¶ 24} Finally, even if this court were to find that appellee breached a duty owed to appellant, we conclude appellant's negligence claim fails as a matter of law because appellant has failed to prove she suffered damages proximately caused by this occurrence. *Page 8 
"Liability for a negligent act" can only follow "a finding of proximate or legal cause." See Deutsch v. Shein (Ky.App.1980), 597 S.W.2d 141,143. "To authorize the submission of a case to the jury, there must be some evidence of probative value to show that * * * the defendant's negligence was a proximate cause of the injury." See Hoskins,316 S.W.2d at 370. Proximate cause requires a finding that the defendant's negligent act was a substantial factor in causing the plaintiff's claimed injury, in the absence of a public policy rule prohibiting the imposition of liability. See Deutsch at 144.
 {¶ 25} Our review of the record indicates that appellant presented medical bills and prescription receipts to evidence she treated for injuries to her throat.[5] Appellant failed, however, to provide any medical records, physician reports or testimony, or any other medical evidence indicating that her claimed injuries resulted from this incident. In light of the absence of any evidence establishing that appellee's alleged negligence was a substantial factor, or a factor at all, in causing appellant's claimed injuries, we find appellant's negligence claim fails as a matter of law.
 {¶ 26} Notably, confronted with the foregoing evidentiary shortcomings, appellant urges us to apply the doctrine of res ipsa loquitur. This doctrine, however, does not apply in the instant case because appellant has failed to establish she suffered any injury as a result of this incident.[6] Appellant's failure in this regard precludes her recovery in negligence, regardless of any evidentiary inferences establishing appellee was negligent. See Pierce, Ky. App. No. 2002-CA-002423-MR, 2004 WL 813431. *Page 9 
 {¶ 27} Accordingly, we find the trial court correctly determined that no genuine issue concerning appellant's negligence claim remains for trial, and properly granted summary judgment in favor of appellee. We further conclude the trial court properly denied appellant's summary judgment motion as to the issue of liability based upon this determination.
 {¶ 28} Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.
[1] For purposes of clarity, "appellant" will refer to Peggy Popham throughout the remainder of this opinion. Appellant's husband, Dennis Popham, has alleged a loss of consortium claim against appellee that will not be addressed in this opinion.
[2] Appellant testified during her deposition that she has smoked on a regular basis for 20 years.
[3] Appellant also refers to various Kentucky statutory provisions in the section of her merit brief discussing the trial court's application of "the wrong standard." She does not, however, argue that appellee's alleged violation of such statutory provisions forms the basis of appellee's alleged liability in this case. Nevertheless, even assuming any such provisions are applicable and establish a statutory duty, appellant's negligence claim fails as a matter of law because appellant has failed to prove the requisite causal connection between appellee's alleged negligence and her claimed injuries. See infra; see alsoPerkins v. Campbell Soup Co. (June 4, 2004), KY App. No. 2003-CA-000623-MR, 2004 WL 1228341.
[4] Interestingly, appellant later opined that the metal hook may have come from seasonal decorations adorning appellee's establishment at the time.
[5] We note, however, that appellant offered no such evidence as to the alleged change in her voice.
[6] Res ipsa loquitur is "an evidentiary doctrine that allows a jury to infer negligence on the part of the defendant." Hincapie v.Charron (July 14, 2006), Ky.App. No. 2005-CA-000342-MR, 2006 WL 1947765, at 4. To warrant its application, "(1) The defendant must have had full management of the instrumentality which caused the injury; (2) the circumstances must be such that * * * the accident could not have happened if those having control and management had not been negligent; and (3) the plaintiffs injury must have resulted from the accident."Barrister Farm, LLC v. Upson Downs Farm, Inc. (Feb. 10, 2006), Ky.App. No. 2004-CA-002651-MR, 2006 WL 319344, at *7. *Page 1