JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Delores Young, appeals the trial court's grant of summary judgment in favor of appellees. After a thorough review of the arguments, and for the reasons set forth below, we reverse and remand.
 {¶ 2} On July 19, 2002, Young filed suit against New Southgate Lanes and its owner Edwin Skufca ("Southgate" or "appellees") for personal injury. Appellees filed their joint answer on September 6, 2002. Young filed a Rule 41(A) notice of dismissal without prejudice on January 14, 2004, then refiled her suit on January 12, 2005. Appellees filed their joint answer on February 22, 2005, and on March 30, 2006, appellees filed their motion for summary judgment. Young filed her response in opposition on May 3, 2006, and appellees filed their reply brief on May 22, 2006. On July 11, 2006, the court granted appellees' motion for summary judgment.[1] On August 7, 2006, Young filed her notice of appeal.
 {¶ 3} The incident that gave rise to this lawsuit occurred on February 12, 2001 when Young fell and sustained injuries (including, but not limited to, a broken hip) while bowling at appellees' bowling alley. On that night, Young arrived at the bowling alley around 5:00 p.m. to bowl with her league. She bowled with her teammates for nearly two games before the incident occurred around 6:30 p.m. *Page 4 
 {¶ 4} Prior to league play, appellees performed lane maintenance, which included use of special machines that clean and condition the lanes. According to appellees, the machine does not apply oil to or condition the approach area of the bowling lane. Oil is only used on the lane between the foul line and the pins, where bowlers do not stand. Fred Hunziker is responsible for operating the machines. He testified that he carries dry rags with him during the course of oiling the lanes to take care of "anything that's going to come up off the lane."
 {¶ 5} Before league bowling began that evening, another bowler, Lawrence Lenin, informed appellees' employee, Evelyn Nowden, that there was an unidentified substance on the approach area of the lane. At her deposition, Young testified that she knew of the substance on the approach, but could not identify it. She said that an employee promptly cleaned the area with a towel and liquid from a spray bottle. Subsequently, Young's team bowled on that lane for almost two games, without incident.
 {¶ 6} Young fell during the fifth or sixth frame of the second game of league play. In her brief in opposition to summary judgment, Young claimed that she "slipped well before the foul line." At deposition, she testified that "once my left foot went over the foul line, I had lost my balance." Lenin asserted that he witnessed Young fall during her second game on oil six to twelve inches before the foul line. *Page 5 
 {¶ 7} In her interrogatory responses, Young was asked to describe accurately, fully, and completely, the manner in which the incident happened. She responded:
 {¶ 8} "* * * Upon trying to release my ball and take the first step was when I discovered that my right foot was in oil on the approach. I tried to maintain my balance, but could not due to the oil which had me sliding, therefore, I fell. Before falling, trying to maintain balance, my left foot went into the oil on the lane, therefore when I fell my right side hit the gutter * * *."
 {¶ 9} Young brings this appeal, asserting one assignment of error, which contains several subparts.[2] We will address each subpart separately.
 {¶ 10} "I. The trial court erred in granting summary judgment for the appellees when genuine issues of material fact existed."
 {¶ 11} Appellant argues that granting summary judgment was improper. More specifically, she argues that there are genuine issues of material fact regarding whether appellees were negligent and reckless in failing to properly maintain the bowling lane/approach where the incident occurred.
 {¶ 12} "Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of *Page 6 
law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267.
 {¶ 13} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330,106 S.Ct. 2548, 91 L.Ed. 2d 265; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112,115, 526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 604 N.E.2d 138.
 {¶ 14} In Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107,662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas
(1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions ofthe record which demonstrate the absence of a genuine issue of fact ormaterial element of the nonmoving party's claim." Id. at 296. (Emphasis in original.) The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set *Page 7 
forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 15} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v.McFaul (1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24; Link v. LeadworksCorp. (1992), 79 Ohio App.3d 735, 741, 607 N.E.2d 1140.
 {¶ 16} It is elementary that to establish a cause of action in negligence, plaintiff must show: (1) a duty on the part of defendant to protect the plaintiff from injury, (2) a breach of that duty, and (3) an injury proximately resulting from the breach. Huston v. Koncieczny
(1990), 52 Ohio St.3d 215, 217; Jeffers v. Olexo (1989),43 Ohio St.3d 140; Thomas v. Parma (1993), 88 Ohio App.3d 523, 527. To defeat a motion for summary judgment on a negligence claim, a plaintiff must establish that a genuine issue of material fact exists as to these elements. We find that the existence of genuine issues of material fact have been established.
 {¶ 17} In their motion for summary judgment, the appellees argued that: 1) as a recreational user, Young was barred from recovery; 2) Young assumed the risk; 3) the condition of the lane was open and obvious; 4) they did not breach their duty of *Page 8 
care to Young; 4) Young was barred from recovery because she was comparatively negligent; and 5) there was no evidence to prove recklessness on the part of appellees.
 Breach of Duty of Care {¶ 18} The owner of a premises owes a duty to exercise reasonable care to protect his invitees from an unreasonable risk of physical harm.Jackson v. Kings Island (1979), 58 Ohio St.2d 357, 390 N.E.2d 810. This duty includes maintaining the premises in a reasonably safe condition so that an invitee is not unreasonably exposed to danger. Paschal v. RiteAid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, 480 N.E.2d 474, 475. To prevail in a negligence action against a business for a slip and fall, plaintiff must produce evidence indicating more than that the customer slipped and fell. The J.C. Penny Co., Inc. v. Robison (1934),128 Ohio St. 626, at paragraph 4 of the syllabus. Rather, he must show via evidence that a negligent act or omission on the part of the business caused the slip and fall. J.C. Penny, supra.
 {¶ 19} If a business invitee is injured because of a dangerous condition, the owner can avoid liability by proving the hazard was not caused by the owner and the hazard was not present for a sufficient time to give the owner notice to remove it. "If the actions of the owner or the owner's employees created the hazardous condition, notice is immaterial." Popham v. Golden Corral Corp., 12th Dist. No. CA2006-04-087, 2007-Ohio-1365. *Page 9 
 {¶ 20} Because the alleged oil was placed there by employees, notice is not necessary to prove breach of duty. Appellees perform a variety of maintenance techniques to the lanes daily. According to employee Velva Randall, "oil is on the approach everyday — because that's what they use to dress the lanes with, oil." When asked how the staff cleans up spilled oil on the approach, Randall replied that a wet rag and dry rag or just a clean rag is used.
 {¶ 21} The evening of the incident, there had been a complaint of a substance on the lane, which Nowden cleaned up with a rag. Whether she cleaned it up entirely or whether there was another area with oil later in the evening creates a genuine issue of material fact.
 {¶ 22} In Gill v. Columbia Lanes, Inc. (Sept. 24, 1990), 12th Dist. No. CA90-01-015, the plaintiff appealed summary judgment in favor of the defendant, the owner of a bowling alley. Plaintiff was injured as a result of falling on an excessively oiled bowling lane. The appellate court reversed the grant of summary judgment finding that "if there was excess oil on the lane that day, we believe it was a genuine issue of material fact as to whether the oil created an unreasonable risk of physical harm * * *."
 {¶ 23} Because appellees are responsible for putting oil on the lanes, their failure to adequately clean it up is evidence of negligence. There exists sufficient evidence that the oil on the approach was placed there by the property owner as a *Page 10 
result of maintenance (which includes putting oil on part of the lanes). This creates a genuine issue of material fact as to whether appellees breached their duty of care.
 {¶ 24} Notice on behalf of appellees is not required in this case because they created the alleged hazardous condition. Even if notice were required in this case, there is sufficient evidence for a jury to find that appellees had actual and constructive notice of oil on the approach because of the testimony of Larry Lenin and appellant.
 {¶ 25} Appellees also argue that Southgate could not have breached its duty of care to appellant because appellant exceeded the scope of her invitation when she crossed the foul line. Whether appellant crossed the foul line, as appellees claim, or fell on the approach, as she claims, remains a disputed issue of material fact in this case.
 {¶ 26} Based upon the foregoing evidence, sufficient evidence existed regarding the presence of oil on the approach of the lane. Whether its presence created an unreasonable risk of harm to appellant creates a genuine issue of material fact for the jury to decide.
 Recreational Activity {¶ 27} Appellees argue in support of their motion for summary judgment that appellant was barred from recovery because she was a recreational user. This argument is without merit. *Page 11 
 {¶ 28} While appellees rely on Marchetti v. Kalish (1990),53 Ohio St.3d 95, 559 N.E.2d 699, that standard does not apply to this case. InMarchetti, two children were playing a game of "kick the can." One child was injured when another child pushed her to the ground. The court held that an individual engaged in a recreational activity/sport assumes theordinary risks of that activity; therefore, he cannot recover for an injury absent proof of reckless or intentional behavior on the part of another.
 {¶ 29} In the present case, another bowler did not injure appellant. Appellant's cause of action is based on the alleged creation of a dangerous condition by appellees as a result of a maintenance procedure and their failure to properly maintain the approach in a safe condition, which caused appellant's injuries. Oil on the approach is not an inherent danger of bowling. It is not the equivalent of a contact injury in football where one can argue that a person might be injured as a result of some physical contact with other players. This is a case about a business property owner and its duty of care to its business invitees who are injured due to the condition of the premises. It is clear that the recreational use immunity does not apply.
 Assumption of the Risk {¶ 30} Appellees argue in support of their motion for summary judgment that appellant assumed the risk of injury. We disagree. First, "ordinarily, assumption of the risk is a question of fact to be resolved by the fact finder," Carrel v. Allied *Page 12 Products Corp. (1997), 78 Ohio St.3d 284, 289, 677 N.E.2d 795, 800. In addition, assumption of the risk requires three elements: 1) one must have full knowledge of a condition; 2) such condition must be patently dangerous to him; and 3) he must voluntarily expose himself to the hazard created. Briere v. Lathrop Co. (1970), 22 Ohio St.2d 166,174-175, 258 N.E.2d 597, 603. While the defense of assumption of risk has been removed from being a complete bar to recovery for a claim of injury, the Ohio Supreme Court specifically excluded express assumption of risk (applicable to contracts) and primary assumption of risk. Primary assumption of risk arises when the defendant owes no duty to plaintiff because of plaintiff's involvement in an obviously dangerous activity. Anderson v. Ceccardi (1983), 6 Ohio St.3d 110, 114,451 N.E.2d 780, 783.
 {¶ 31} Assumption of risk is not a viable defense here. Appellant and Lenin saw an employee attempt to clean up the substance. Under the belief that the approach had been made safe, appellant continued to bowl. Appellees cannot use appellant's knowledge about the alleged substance on the lane that existed before Nowden was called over to clean it up to establish a voluntary exposure to danger by appellantafter Nowden's actions caused appellant to believe the lane had been made safe. Appellant could not have had full knowledge of the condition (i.e. that there was a substance on the lane) because she thought that it had been cleaned up by the employee. Therefore, the first element of assumption of risk has not been met. *Page 13 
 {¶ 32} Appellees also attempt to create a defense of assumption of risk based on the argument that appellant would know of the danger of going past the foul line where oil is supposed to be. Appellant and Lenin testified that the oil and slip were in front of the foul line and that appellant's loss of control from slipping is what made her fall beyond the foul line. This creates a genuine issue of material fact as to whether she was in front of or past the foul line.
 Open and Obvious Danger {¶ 33} Appellees argue in support of their motion for summary judgment that the risk of injury posed to appellant was open and obvious. This argument is without merit. The open and obvious doctrine states that an owner of a premises owes no duty to persons entering those premises regarding dangers that are open and obvious. Sidle v. Humphrey (1968),13 Ohio St.2d 45, 233 N.E.2d 589, paragraph one of the syllabus.
 {¶ 34} In Texler v. D.O. Summers Cleaners Shirt Laundry Co. (1999),81 Ohio St.3d 677, 693 N.E.2d 271, the Court held that the issue of open and obvious danger was aligned with the issue of causation, not duty owed, and was a question of fact for the jury. Texler also emphasized the rule that individuals are not required to constantly look downward while walking. Id. In a bowling alley, customers are naturally expected to look at the pins, not down at the floor. This would make an oily substance on the ground neither open nor obvious to a bowler keeping his eye on the game. *Page 14 
 {¶ 35} Appellant testified that the substance was clear, thus making it difficult to see. As a result, the ability of appellant to see and appreciate the oil that remained on the approach is questionable. Further, the bench mark for the courts is not whether the person saw the object or danger, but whether the object or danger was observable. SeeKirksey v. Summit Cty. Parking Deck, 9th Dist. No. CA22755,2005-Ohio-6742. Clear oil on a bowling lane is not likely observable to a bowler. The determination of the obviousness of a danger requires a review of the facts of the case. Miller v. Beer Barrel Saloon (1991), 6th Dist. No. 90-OT-050. Clearly, the question of whether the substance was sufficiently visible to rise to the level of an open and obvious danger is a genuine issue of material fact for the jury.
 {¶ 36} Appellees also argued in their motion for summary judgment that "plaintiff's fall occurred past the foul line where the oily surface is open and obvious * * *." Again, appellant alleges that she fellbefore the foul line. Therefore, there is a disputed fact as to where she fell.
 {¶ 37} Appellees contend that, even if appellant began to slip on oil on the approach, any substance there would be considered open and obvious because appellant knew there had been a substance on the approach earlier. This contention fails because appellant testified that she thought the substance had been cleaned up earlier by an employee. Clearly, there are still genuine issues of material fact as to whether the danger was open and obvious.
 Comparative Negligence *Page 15 {¶ 38} Appellees argued in their motion for summary judgment that the court should grant their motion because the appellant is barred from recovery due to her own negligence. "Under the comparative negligence statute, the factfinder apportions the percentage of each party's negligence. * * * A plaintiff may recover where his contributory negligence is equal to or less than the combined negligence of all the defendants." Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642,646, 597 N.E.2d 504, 508. This argument lacks merit.
 {¶ 39} The defense of comparative negligence is properly left to the jury, absent evidence that is so compelling that the court finds that reasonable minds can reach but one conclusion. Id. We do not find the evidence in this case to be that compelling. Appellees contend that appellant was negligent because "she admitted that she threw a gutter ball and lost her balance * * * she then crossed the foul line, slipped and fell * * * she alone caused her injury." Appellant disputes this fact, and a review of her deposition testimony shows a dispute of this version of events. Appellant argues that the oil on the approach caused her to slip and lose her balance, and, as a result of that event, she lost control over throwing her ball, and it went into the gutter. Clearly, this evidence creates a genuine issue of material fact for the jury to determine whether appellant was more than 50 percent at fault and therefore barred from recovery.
 Recklessness *Page 16 {¶ 40} For the foregoing reasons, genuine issues of material fact remain regarding the issue of recklessness.
 {¶ 41} Construing the evidence and all reasonable inferences in a light most favorable to appellant, it is clear that genuine issues of material fact remain regarding appellees' negligence and recklessness in this case; therefore, summary judgment should not have been granted. Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover of said appellees costs herein taxed. The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, J., and MELODY J. STEWART, J., CONCUR
 APPENDIX
Appellant's assignment of error, including subparts:
I. The trial court erred in granting summary judgment for the appellees when genuine issues of material fact existed.
 a. Oil on the approach is a genuine issue of material fact as to whether its presence created an unreasonable risk of physical harm to the appellant.
 b. The appellant's participation in a bowling league does not bar her recovery from the appellees.
 c. The appellees' defense of assumption of the risk is a jury issue.
 d. The appellees' defense of open and obvious danger is a jury issue.
 e. A genuine issue of material fact existed regarding whether or not the appellees breached their duty of care to the appellant.
 f. The appellees defense of comparative negligence is a jury issue.
 g. There existed a genuine issue of material fact regarding appellant's claims of recklessness.
[1] In its order, dated July 11, 2006, the trial court did not issue a detailed written opinion that specified the basis for its granting of appellees' motion.
[2] Appellant's complete assignment of error, including subparts a. through g., is included in the Appendix to this Opinion. *Page 1